## McLAREN, RAGAN & Co. *vs.* BRADFORD.

1. Neither case nor assumpsit can be maintained to recover damages for the breach of defendant's duty and contract in not permitting plaintiff to cut and carry away timber, when the declaration shows that the injury complained of resulted from plaintiff's being enjoined and restrained by proceedings in chancery instituted by defendant : the only remedy is, an action on the injunction bond, if there is a breach of it, or an action on the case averring malice.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. NAT. COOK.

TRESPASS ON THE CASE by McLaren, Ragan & Co., late partners and proprietors of a steam saw-mill, against Joseph W. Bradford, to recover damages sustained by plaintiffs by reason of defendant's violation and breach of his written contract, dated Macon county, June 11, 1847, of which the following is a copy :

"I hereby sell to McLaren, Ragan & Co. all the timber owned by me, suitable for saw logs, on the place on which I now live, being three hundred and twenty acres, not including what is now under fence, in consideration of a note of seventy-five dollars, of this date given to me by them."

"Joseph Bradford."

The declaration set out this agreement, and averred, that the said defendant thereby also intended to grant to the plaintiffs the right and privilege, without let, hindrance, or mo-

lestation, of cutting and carrying away said timber from said land, and all other rights and privileges incident and necessary to the full use and enjoyment thereof; that the said defendant, not regarding his said contract, but contriving &c. to injure plaintiffs in that behalf, did not, nor ever would, in accordance with the tenor and effect and necessary import of said contract, suffer or permit said plaintiffs to cut and carry away all the timber on said land suitable for saw logs, and for sawing up into lumber, but, on the contrary, afterwards, and before said plaintiffs had cut and carried away all of said timber suitable for sawing up into lumber, to-wit, on the 11th November, 1847, exhibited his bill in chancery, and procured an injunction, restraining and enjoining said plaintiffs until the November term, 1850, of said court, (when said injunction was dissolved, and said bill was dismissed,) from cutting down, or carrying away from said land, any other timber than such large heart-pine trees as were suitable for sawing up into rail-road railing, or string pieces; and plaintiffs aver, that by reason of the premises they were wrongfully deprived of the use, benefit, and advantage of sawing up into lumber twenty-five hundred trees, then and there standing on said land, and which were of great value, &c.; and in consequence thereof said trees were wholly lost to plaintiffs; to their damage, &c.

The court sustained a demurrer to the declaration, and this is now assigned for error.

N. W. COCKE and JAMES E. BELSER, for appellants, contended that the declaration was sufficient, and cited Myers v. Gilbert, 18 Ala. 469.

CLOPTON & LIGON, *contra*, contended, 1st, that the procuring of the injunction was no legal breach or violation of defendant's contract; that a resort to the courts of the country, whenever their aid is deemed necessary, is the right of every citizen; and that for the abuse of this right by defendant, plaintiffs had two remedies—an action on the injunction bond, and an action on the case for the damages which they had sustained.—Marshall v. Betner, 19 Ala. 347.

2. That if the injury complained of would support an action

on the contract, then the declaration must aver malice, and negative the ground on which the injunction was sued out.— Spivey v. McGehee, 21 Ala. 420 ; 1 Bac. Abr. 142 ; Tiller v. Shearer, 20 Ala. 527.

CHILTON, C. J.—Whether this declaration be considered as in an action *ex contractu*, or *ex delicto*—whether in *assumpsit*, for the breach of the written contract made by Bradford, or in *case*, for a tortious breach of duty growing out of such contract—we are of opinion, that in neither aspect can it be supported.

Although it contains a general averment, that the defendant did not, nor would, ever suffer and permit the plaintiffs to cut and carry away all the timber, &c., yet the plaintiffs go on to particularize how they were prevented, and, upon a fair construction of their pleading, clearly show, that the injury complained of resulted from their being enjoined and restrained by proceedings in chancery instituted by Bradford. The injury consequent upon the writ of injunction is the *gist* of this action, and this injury is the immediate result of civil proceedings instituted in the chancery court.

The law secures to every citizen the right to resort, *bona fide*, to the courts of justice, to invoke their aid in protecting him in the enjoyment of his property. If they do this without malice, they are not liable by the rules of the common law; and to hold them liable in this State for the mere wrongful resort to civil or criminal proceedings, in the absence of malice, requires some statutory provision, such, for example, as relates to suing out attachments wrongfully, and the like. So, also, where an action is brought on an injunction bond conditioned to pay damages consequent upon the wrongful exhibition of a bill in chancery and obtaining an injunction, we have held, that the actual damage may be recovered, although there was no malice.—Spivey v. McGehee, 21 Ala. 417 ; 19 Ala. 344.

The case before us is not in tort for the malicious prosecution. No malice is averred ; nor is it upon the injunction bond ; these being the only remedies which the law affords the party injured by the injunction. But the effort is to transfer the injury, which is the immediate result of the injunction, to the contract, making it work the breach of such

contract, which contains no provision that could be violated by a *bona fide* resort to the civil proceedings complained of. We know of no rule of law which justifies this. If the party has been injured by the chancery proceedings, the law gives him a remedy, as we have said, either upon the injunction bond, if there be a breach of it, or an action upon the case, if there be malice. To one of these remedies he must resort, and not to his contract, the operation of which has been incidentally affected by such civil proceedings.

Let the judgment be affirmed.