*Attorney General Andrews* for plaintiff.

*Ballou & Marx* for defendant.

---

## J. NOTT *v.* J. SILVA.

QUESTIONS RESERVED BY CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 7, 1905.          DECIDED APRIL 10, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

COSTS ON APPEAL—*attorneys' fees not allowed defendant when plaintiff's judgment reduced one-fifth.*

> Attorneys' fees in actions of assumpsit payable under Rev. L., Sec. 1892, by the losing party and consisting of percentages of the amount for which judgment is obtained by the plaintiff or the amount sued for if judgment is obtained by the defendant, are not allowable to the defendant under Sec. 1893, which provides, as an exception to the general rule, that costs shall be awarded to a defendant appellant if the amount recovered by the plaintiff in the court below is reduced one-fifth or more on the appeal.

This is an action of assumpsit. The plaintiff obtained judgment in the district court for $97.57, exclusive of costs, which was reduced to $72.50, that is, by more than one-fifth, on the defendant's appeal to the circuit court. The questions reserved may be summed up in the question, which party is entitled to the attorneys' fees allowed by section 1892 of the Revised Laws, in view of the provisions relating to costs on appeal found in section 1893? Section 1892 and the portion of section 1893 that is applicable are as follows:

"Sec. 1892. Attorneys' fees in assumpsit. In all the courts of this Territory, in all actions of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, ten per cent. on all sums to one hundred dollars, and two and one-half per cent. in addition on all sums over one hundred dollars, to be computed on the excess over one hundred dollars. The above fee shall be assessed on the amount of the judgment obtained by the plaintiff and upon the amount sued for, if the defendant obtain judgment."

"Sec. 1893. Costs on appeal. Costs shall be allowed to the prevailing party in judgments rendered on appeal, in all cases, with the following exceptions and limitations:

"1. If the defendant against whom judgment is rendered appeal, and the amount recovered in the court below be reduced one-fifth, or more, costs shall be awarded to the appellant."

The plaintiff concedes that all ordinary costs should be allowed the defendant under subdivision 1 of section 1893. The defendant contends that the attorneys' fees allowed by section 1892 should likewise be allowed him on the theory that they are costs. Much can be said in support of the view that such fees are costs generally speaking. They are in the nature of costs and the section providing for them was originally part of an act relating to costs. Moreover, the "attorneys' fees otherwise taxable by law" referred to in this section, and "in addition to" which the fees in question are allowed, are clearly

costs, as appears by section 1889. The question, however, is not whether such fees are costs generally speaking, but whether they are costs within the meaning of section 1893. In our opinion they are not.

In the first place, section 1892 relates to fees in a special class of cases, namely, actions of assumpsit, and was originally part of a much later statute, namely, an act of 1872, while section 1893 is a general provision and was originally part of the judiciary act of 1847—re-enacted with some modifications as part of the Civil Code of 1859. The former should control if there is any conflict between them. Again, these fees are in the nature of commissions estimated by percentages of the amount for which judgment is obtained or the amount sued for, according as judgment is obtained by the plaintiff or the defendant, and it would seem absurd for a defendant to recover commissions upon a judgment obtained against him by the plaintiff. But what would seem to be conclusive is the express language of the section. The fees are to be paid by the losing party and are to be included in the sum for which execution may issue." The defendant is the losing party and it is against him that execution would ordinarily issue. It is further provided that these fees shall be "assessed on the amount of the judgment obtained by the plaintiff and upon the amount sued for if the defendant obtain judgment." In this case the judgment was obtained by the plaintiff and the defendant did not obtain judgment. The judgment referred to is the judgment in the action, and not the mere fact of partial success on the appeal by way of obtaining a reduction of the judgment.

But the defendant contends that he obtained judgment within the meaning of section 1893 at least, because he was successful on the appeal—to the extent of obtaining a reduction of the plaintiff's judgment. It is true that, immediately prior to the enactment of the Revised Laws, subdivision 1 of this section contained, after the word "appeal," the words "and judgment is rendered in his favor in the appellate court," but these words were practically surplusage and merely an infelicitous

mode of referring to a judgment reduced rather than rendered in favor of the defendant, as held in *Nakanelua v. Kailianu,* 5 Haw. 179, and the first paragraph of this section shows that within the meaning of this section a defendant in whose favor a judgment for the plaintiff is reduced is not a party obtaining judgment, for the case of a defendant in whose favor a judgment for the plaintiff is reduced is stated as an exception to the cases of a "prevailing party in judgments rendered on appeal."

Our conclusion is that the plaintiff is entitled to the attorneys' fees allowed by section 1892.

*G. A. Davis* for the plaintiff.

*C. Creighton* for the defendant.