## YOUNG CHUN, DOING BUSINESS AS YE LIBERTY THEATRE, v. BLONDIE ROBINSON.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 20, 1912.            DECIDED NOVEMBER 27, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EQUITY—*injunction—bond—counsel fees—costs.*

> Damages consequent upon the dissolution of a temporary injunction are not recoverable in the absence of a bond to secure their payment, unless malice and want of probable cause in the procurement of the injunction are shown. In such a case counsel fees are not taxable as costs.

### OPINION OF THE COURT BY DE BOLT, J.

The complainant having filed his bill in equity praying that the respondent be restrained from performing as a comedian, and a temporary injunction having issued restraining the respondent as prayed for, and the complainant having filed a bond "to fully indemnify" the respondent "for all costs and damages" which he "may be required to pay or sustain, not exceeding the penalty of the bond, if it should be finally adjudged that said temporary injunction was wrongfully, oppressively and maliciously sued out," and the injunction, on appeal to this court (ante 70), having been dissolved and the cause re-

manded to the circuit judge, the respondent thereupon presented his motion for assessment and award, under the bond, of attorneys' fees and costs, and the circuit judge having rendered a decision declining to consider the motion on the ground that he had "no power and should not attempt to exercise a discretion" in the matter, which decision, on appeal to this court (ante 193), also having been reversed and the cause again remanded, the respondent thereupon presented a second motion, moving "that damages in the sum of two hundred and fifty dollars be assessed and awarded against the complainant for attorneys' fees, and that the further sum of twenty-two dollars and seventy-five cents be assessed and awarded as damages against the complainant for court costs."

Upon the hearing of this motion evidence was adduced as to the reasonable value of the services rendered by counsel, whereupon the circuit judge, in his decision awarding counsel fees to the respondent, said: "There being no bond on which to depend the court is of the opinion that while damages could not be awarded, attorney's fees and costs may in an action of this kind be awarded to the attorney for the respondent. Following this opinion the fee of $250 is awarded as counsel fees, and costs are taxed at $13.50." From this decision the complainant appeals, which appeal is now before us for consideration.

It will be observed that the respondent, by the second motion, seeks to have counsel fees assessed and awarded to him against the complainant personally and not upon or by reason of the bond. The bond is eliminated from the case and is not now before us for consideration. The question thus presented by the record for our determination upon this appeal is the same as if no bond had ever been filed. It will also be observed that the motion is not based upon any claim of malice or lack of probable cause in suing out the injunction.

It appears from the language of the motion that the respondent was proceeding upon the theory that counsel fees were to be awarded as damages, while at the oral argument in this court

it was urged on behalf of the respondent that counsel fees were costs and to be taxed as such. The circuit judge, apparently, was of the opinion that counsel fees were costs and not damages. Counsel fees, however, are not costs, and cannot be taxed as such. "The word costs is a word of known legal signification. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law as charges for the services enumerated in the fee bill. Costs are only recoverable by force of a statute, and the allowance of them, in any case, will depend on the terms of the statute." *Apperson* v. *Mut. Ben. L. Ins. Co.,* 38 N. J. L. 388, 390. The word "costs," ordinarily, does not include counsel fees. The general rule is, in the absence of statute, that counsel fees are not costs; and this rule applies alike to suits in equity and actions at law. 5 Ency. Pl. & Pr. 228; 11 Cyc. 104. The respondent cites the case of *Nott* v. *Silva,* 16 Haw. 635, upon which he relies as supporting his contention, that counsel fees are costs. That was an action of assumpsit, wherein the plaintiff obtained judgment in the district court for $97.57, exclusive of costs, which was reduced to $72.50, that is, more than one-fifth, on the defendant's appeal to the circuit court. The question there presented was, which party was entitled to the attorneys' fees allowed by section 1892 of the Revised Laws? The plaintiff conceded that all ordinary costs should be allowed the defendant, but the defendant contended that the attorneys' fees should also be allowed him on the theory that they were costs. The court held, however, that the attorneys' fees allowed by the statute (R. L. §1892) were not costs. When the court said, "Much can be said in support of the view that such fees are costs generally speaking" it referred to attorneys' fees which the statute expressly provides for in actions of assumpsit. The decision in that case, of course, does not support the respondent's contention, but on the contrary supports the contention of the complainant.

Inasmuch as counsel fees are not costs and cannot be taxed as such, it follows, therefore, that if they are to be allowed at

Young Chun v. Robinson, 21 Haw. 368.

all in this case, they can only be awarded as damages. On the second occasion when this case was before us, upon the question of counsel fees, we said: "It is the established rule in this jurisdiction that counsel fees, as well as costs and other charges or damages, paid or sustained to obtain the dissolution of a restraining order, are damages directly and proximately resulting from the issuance of an injunction under circumstances like those in the case at bar, and are recoverable." Ante 195. Counsel for the respondent urges that the language just quoted sustains his present contention, namely, that counsel fees may be awarded independently of the bond. The language used cannot be so construed. What we there said must be read and applied according to the facts then before us. It will be observed that the motion, under which the respondent was then proceeding, was "for assessment and award, under the bond," of counsel fees and costs; whereas, he is now proceeding under another motion, whereby he seeks to have counsel fees and costs assessed and awarded to him against the complainant personally, eliminating the bond entirely from consideration. The authorities are uniform in holding that no damages can be awarded upon the dissolution of an injunction in the absence of a bond or other security given to indemnify the party against whom the injunction issues, except in cases of malice and want of probable cause. The case of *Russell* v. *Farley,* 105 U. S. 433, supports this view, holding in positive terms that no damages can be awarded in the absence of a bond, except upon the theory of malice. The opinion of the court in that case is an interesting and instructive one upon this subject. In the course of its discussion of the case the court adverts to the history and theory of the liability incurred by reason of the issuance of an injunction. The case was cited with approval in *Meyers* v. *Block,* 120 U. S. 206, 211, wherein the court said: "Without a bond no damages can be recovered at all. Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can re-

cover nothing but costs, unless he can make out a case of malicious prosecution. It is only by reason of the bond, and upon the bond, that he can recover anything."

The opinion of the court in the case of *City of St. Louis* v. *The St. Louis Gaslight Co.*, 82 Mo. 349, 353, 355, is also an interesting and instructive one upon the question now before us. We quote from that opinion as follows: "When temporary injunctions were granted, as they frequently were upon the naked petition and *ex parte* showing of the applicant, and were afterwards dissolved on a final hearing of the cause, neither law nor equity furnished any remedy to the defendant for the damages consequent from them, however serious they might be. Such damages were regarded as flowing from the judgment and order of the court, and not from the plaintiff, if he did nothing more than to sue in good faith for the process awarded him. The injustice which so often resulted from hasty and unfounded orders of injunction, for the consequences of which the courts alone were responsible under the law, induced them to adopt as far as was in their power such measures and safeguards as might afford the defendant an indemnity against loss and injury from injunctions which ought never to have been granted. Hence arose the doctrine which recognized in courts of equity the inherent power of exacting conditions, deposits and bonds from the plaintiff before awarding him an injunction, which should in one way or another indemnify the defendant for damages suffered by him in consequence of the process discontinued or dissolved by the court at final hearing. These safeguards were originally exacted in *ex parte* hearings, but came to be required in all interlocutory injunctions, whether granted upon notice to defendant or without a hearing from him. These conditions, deposits and bonds were all in the nature of voluntary obligations on the part of the plaintiff to pay damages to the defendant in the event of a dissolution at final hearing. The method of enforcing them depended upon their nature; some were enforced by the courts of equity, while oth-

ers were more appropriately enforced by an independent action at law. *Bein* v. *Heath,* 12 How. 168. Thus it will be seen that the liability of the plaintiff in an injunction suit to respond to the defendant for damages after dissolution depended upon his voluntary undertaking contained in the conditions of the decree, or in his separate agreement and bond given to the court or defendant for that purpose. Of course, when the process has been sued out maliciously there may be a right of action in favor of the defendant. But this right depends upon the law governing malicious prosecutions, and has no relation to the claim for damages urged by defendant in this case. In *Palmer* v. *Foley,* 71 N. Y. 106, Judge Folger expresses this condition of the law: 'It seems that without some security given before the granting of an injunction order, or without some order of the court or a judge, requiring some act on the part of the plaintiff which is equivalent to the giving of security such as a deposit of money in court—the defendant has no remedy for any damages which he may sustain from the issuing of the injunction, unless the conduct of the plaintiff has been such as to give ground for an action for malicious prosecution. In *Russell* v. *Farley,* 105 U. S. 433, Justice Bradley, in alluding to the practice of courts of chancery in granting injunctions, says: 'And if the legal right is doubtful, either in point of law or of fact, the court is always reluctant to take a course which may result in material injury to either party, for the damage arising from the act of the court itself is *damnum absque injuria,* for which there is no redress except a decree for the costs of the suit, or in a proper case, an action for malicious prosecution. To remedy this difficulty the court, in the exercise of its discretion, frequently resorts to the expedient of imposing terms and conditions upon the party at whose instance it proposes to act.' Such exemption of the plaintiff from damages, in the absence of any terms or conditions accepted by him to pay them, rests upon the broad policy of the law which regards the courts open at all times to all persons for the enforce-

ment of their rights by civil action. Suitors are presumably acting in accordance with law when they obtain in the courts what the courts award them, and should not be punished for accepting what they could not obtain except by such orders and judgments. When a suitor procures a writ or order of injunction upon a fair presentation of facts to the court in good faith he has never been regarded as. responsible in damages therefor, either in law or equity, unless he has made himself so by some voluntary undertaking. In such case he stands before the law like a suitor in any other process or proceeding. This I understand to be the rule, as universally recognized and approved." See also *McLaren* v. *Bradford,* 26 Ala. 616; *Mark* v. *Hyatt,* 18 L. R. A. 275; *Robinson* v. *Kellum,* 6 Cal. 399; *Sturgis* v. *Knapp,* 33 Vt. 485; *Lexington & Ohio R. R.* v. *Applegate,* 8 Dana (Ky.) 289, 310, 311; 22 Cyc. 1061.

The bond filed by the complainant not being relied upon by the respondent, the circuit judge was without power to award counsel fees. He had power, however, to tax costs. The decision appealed from, therefore, is reversed so far as it purports to award counsel fees to the respondent, but it is affirmed as to costs taxed in the sum of $13.50. The cause is remanded.

*W. B. Lymer* (*Thompson, Wilder, Watson & Lymer* on the brief) for complainant.

*J. A. Magoon* and *N. W. Aluli* for respondent.