MONSERRATE RIVERA, Plaintiff and Appellee, v. JUAN J. GERARDINO ET AL., Defendants and Appellants.

No. 7452. Argued April 5, 1938.—Decided April 22, 1938.

Felipe Colón Díaz for appellants. Fernando B. Fornaris for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Monserrate Rivera brought an action against Juan José Gerardino, Enrique Toro Casals and Joaquín Ortiz for $3,000.06 damages for wrongful attachment. She obtained judgment for $828 and was ordered to pay the costs of the case accrued from October 18, 1936. The defendants appealed from the judgment to this court.

On May 9, 1929, Juan José Gerardino sued Monserrate Rivera to recover $908, and to secure the effectiveness of the judgment which he might obtain, attached $1,872.06 which Monserrate Rivera had on deposit in the Ponce Branch of the American Colonial Bank, upon the furnishing of a bond of two thousand dollars which was given by Enrique Toro Casals and Joaquín Ortiz. Judgment was rendered against the plaintiff and then the present action to recover damages for the wrongful attachment was brought.

The plaintiff alleged that the funds attached had disappeared; that she had failed to earn interest amounting to eight hundred and twenty eight dollars in a certain transaction which she had made and could not close because of the attachment, and that she paid $500 attorney's fees to defend herself, of which Gerardino had only returned two hundred.

The defendants answered admitting some facts and denying others and later, in accordance with section 313 of the Code of Civil Procedure, 1933 ed., they filed a motion proposing that judgment be entered against them for the interest —at the legal rate or the rate fixed by the court—on the $1,872.06 attached, from May 9, 1929, the date on which the attachment was ordered in the action brought by them against Monserrate Rivera, to April 1, 1933, the date on which a new attachment was made in an action brought by Salvio Durán Vázquez against Monserrate Rivera.

The offer was not accepted by the plaintiff. The case went to trial and the court found that the attached money had not disappeared but had been withdrawn from the Ponce

Branch of the American Colonial Bank by the marshal of the court and had been deposited by him in the Bank of Ponce in a savings account, and was still there, increased to $2,284.34, which sum was attached on April 1, 1933, in a suit to set aside a will, brought by Salvio Durán against the heirs of Emilio B. Durán, his widow Monserrate Rivera and his sister Ana Inés Durán, for which reason the defendants should not be ordered to reimburse that sum to the plaintiff, and that plaintiff was not entitled to the attorney's fees which she claimed since they had been fixed at $200 by the court itself in the corresponding action and had already been paid by Gerardino.

As to the profit which she failed to receive, the court found that Monserrate Rivera did in fact have a mortgage loan of $1,800 arranged at 12 per cent per annum, which she could not close because of the attachment, and therefore held that she should have a judgment which was so entered, for the profit which she failed to receive and which the court fixed at $828, without costs.

The defendants asked the court to reconsider its judgment and deduct from it the interest earned by the attached sum in the bank, that is, $311.69, with costs against the plaintiff because the latter refused to accept their offer. The court reconsidered as to the costs but did not deduct the interest earned in the bank.

Feeling aggrieved by that decision, the defendants took this appeal, and assigned two errors claimed to have been committed by the court: in fixing the amount of recovery at $828 instead of $516.31, and in failing to include the attorney's fees in the costs.

■ In our opinion the first error was committed, but not the second.

The trial court found as a fact that the money attached and deposited in the bank earned the interest in question, but it refused the deduction requested by the defendants

because "since the principal as well as the interest earned is subject to the said attachment"—the attachment in the action brought by Salvio Durán—"this court cannot include in the $828 of the judgment which the plaintiff here has a right to receive, a sum which is subject to another attachment."

The reasoning does not convince us. The money belonging to Monserrate Rivera was wrongfully attached by Gerardino. Because of this the latter was ordered to restore to the former what the money would have earned if loaned at 12 per cent per annum during the time between his attachment and Durán's. The judgment included everything which the plaintiff had a right to recover from Gerardino. And if it is true that during that time the money had earned $311.69 in the bank, how can this earning be ignored?

Without formally waiving her right to the said $311.69, the appellee in her brief states the following:

"If any future controversy should arise as to that interest, the question would have to be settled between Gerardino who levied the first attachment, and Salvio Durán who levied the second attachment. Those are accounts to be settled between them and not by a party who has unquestionably proved her right before the court as has Monserrate Rivera in this case."

This argument does not convince us either. The $311.69 clearly belong to Monserrate Rivera. If the attachment levied by Durán is groundless, principal and interest will be at her free disposal. If the attachment is proper and Durán has a well founded claim against her, of what can she complain? Everyone is obligated to pay what he owes, to fulfill his obligations, not to withhold what is not his and not to enjoy profits which are not his. And if that is the case in Durán's action, the principal and interest will go to the plaintiff and then, if the judgment stands as rendered, she would receive as profit which she failed to obtain, not the twelve per cent ordered by the court, but the twelve per cent plus the interest earned at the bank.

In our opinion the same reasoning which restrained the trial court from ordering the defendants to pay the plaintiff the attached sum, which was also subject to the attachment on which it based its refusal to make the deduction, should have led it to take into consideration the interest—earnings already made and accredited to the plaintiff's bank account—in fixing the amount which the defendants were obligated to pay the plaintiff.

As to the second error assigned, we have already said that in our opinion it was not committed. The trial court correctly applied section 313 of the Code of Civil Procedure cited by the defendants, in ordering the plaintiff to pay the costs accruing from the date of the offer of settlement, without including the attorney's fees.

The said section is as follows:

"The defendant in any action may, at any time before the trial or judgment, serve upon the plaintiff an offer to allow judgment to be taken against him for the sum or property, or to the effect therein specified. If the plaintiff accepts the offer, and give notice thereof within five days, he may file the offer, with proof of notice of acceptance, and the secretary must thereupon enter judgment accordingly. If the notice of acceptance be not given, the offer is to be deemed withdrawn, and cannot be given in evidence on the trial; and if the plaintiff fail to obtain a more favorable judgment, he cannot recover *costs accruing subsequently to the offer, but must pay the defendant's cost from the time of the offer.*" (Italics ours.)

It is the same as section 997 of the California Code of Civil Procedure and the continental cases interpreting the words "costs" and "attorney's fees," as summarized in Corpus Juris, are to the effect that:

"Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding.

". . . . . . . . . .

"The terms 'fees' and 'costs' are often used interchangeably as having the same application. Nevertheless, costs and fees are essentially different; the former are allowances to a party for the

expenses incurred in prosecuting or defending a suit—an incident to the judgment; while the latter are compensation to public officers for services rendered individuals, in the progress of the cause.'' (15 Corpus Juris, pp. 19 and 20.)

In the case of *Young Chun* v. *Robinson,* 21 Hawaii 368, 370, it was held that:

''The word 'costs' ordinarily, does not include counsel fees. The general rule is, in the absence of statute, that counsel fees are not costs; and this rule applies alike to suits in equity and actions at law.'' (15 C. J. 20, note 11 (a).)

These authorities are in line with the rule laid down by this Supreme Court in 1912, in the case of *Veve* v. *Municipality of Fajardo,* 18 P.R.R. 738, when construing other sections of the same Code of Civil Procedure, as follows:

''The above-transcribed sections 327 and 339 refer to costs, disbursements, and attorney's fees, and therefore we must accept this same distinction and cannot include disbursements and fees in the term costs.

''.          .          .          .          .          .          .          .          .

''The term *costs* includes fees and reimbursements consisting of fixed and unalterable amounts previously specified by laws, regulations, or tariffs; and the term *disbursements* means the other expenses of a suit—that is, reimbursements and fees not comprised in the aforesaid term. Compensation for professional services is included in the term *attorney's fees.*''

Recently, in the case of *McCormick* v. *González,* 52 P.R.R. 880, we said:

''Furthermore, this is a case of a judgment as a result of the dismissal of a complaint by the plaintiff and this court in the case of *Heirs of Ramos* v. *Rivera,* 41 P.R.R. 285, held:

'''Under section 192 of the Code of Civil Procedure when a plaintiff dismisses a case and agrees to pay the costs he does not consent to pay attorney's fees, and if the court imposes costs without excluding attorney's fees, or in other words, does not limit the costs to the ones arising in the clerk's office such a plaintiff has a right to appeal from the judgment fixing the costs in this unlimited way. . .'

"The decision in the case of *Heirs of Ramos* v. *Rivera, supra,* was rendered before the above cited Act No. 69 of 1936 was in force. . . . The decision has been cited for the purpose of fixing the scope which the words 'upon payment of costs' had and now have as used in the first paragraph of section 192 of the Code of Civil Procedure which authorizes a plaintiff to dismiss his complaint in accordance with the rules therein established."

For the reasons stated, the judgment appealed from must be modified by taking into consideration the $311.69 credited to plaintiff's account with the Banco de Ponce as interest earned by the money attached while on deposit with the said bank, and the defendants are consequently ordered to pay the plaintiff the balance necessary to complete the $828 profit, which she failed to make from the mortgage loan which she could not close due to Gerardino's attachment, that is, $516.31, and thus modified, affirmed.