## MASAMI ASAEDA *v.* MINORU HARAGUCHI.

### NO. 2652.

Argued August 29, 1947.  Decided September 17, 1947.

Kemp, C. J., Peters, J., and Circuit Judge Moore in Place of Le Baron, J., Absent.

*Per Curiam.* This is a reservation to this court by the Labor and Industrial Relations Appeal Board, pursuant to the provisions of Revised Laws of Hawaii 1945, section 4442, of questions of law in respect to the claim of a workman for compensation under the provisions of the workmen's compensation law (R. L. H. 1945, c. 77). Upon motion in this court by the employer-appellant, Joseph V. Hodgson, Esquire, an attorney of this court, was appointed guardian ad litem for the workman, with authority to represent the workman in the matter of said reservation. Mr. Hodgson performed professional services as an attorney at law on behalf of the workman in this court upon

said reservation and the reservation having been disposed of (see *ante*, p. 556), he now moves that we fix and allow an order paid to him out of any workman's compensation awarded the workman, such sum as this court may deem reasonable for the professional services so performed by him on behalf of the workman. He does not claim reimbursement for any costs or expenses incurred and paid by him on behalf of the workman nor for nonprofessional services rendered by him as such guardian ad litem. The services for which allowance of an attorney's fee is prayed are purely professional.

The cause shown for the appointment of Mr. Hodgson was that the workman had suffered injuries to his brain which had rendered him unable to take the necessary steps to employ counsel to appear in this court on his behalf and the appointment was made in the exercise of the inherent powers of this court and not pursuant to statutory authority.

Upon the hearing of the motion for allowance of counsel fees the court posed the question whether, assuming an allowance, the amount thereof should not be taxed as costs in favor of the prevailing party, pursuant to Revised Laws of Hawaii 1945, section 9755, instead of against the award of the workman as prayed.

In our opinion the services for which an allowance is prayed being purely professional and performed by the guardian in his capacity as an attorney at law, any allowance that might be made are not costs and, assuming but not deciding section 9755, *supra*, to be applicable, are not taxable in favor of the prevailing party. A workman who, due to his mental condition, requires the appointment of a guardian ad litem is in no more favorable position as to personal responsibility for the fees of his attorney than if he were *sui juris*. It has been uniformly

held by this court that a court of law cannot, in the absence of statute, allow fees in the nature of counsel fees to guardians ad litem to be paid by the opposite party.[1] No statutory authority exists for such allowance. While a claim for compensation under the workmen's compensation law is not an action at law, as that term is generally understood, a proceeding by a workman for compensation is analogous thereto and the same considerations apply.

Nor do we believe that this court possesses the necessary jurisdiction to make the allowance prayed. Revised Laws of Hawaii 1945, section 4453, included in chapter 77, *supra*, provides that "Claims of attorneys * * * for services under this chapter (workmen's compensation law) shall not be a valid claim against the person to or for whom services were rendered unless and until approved by the director [director of labor]." The provisions of the section are mandatory and exclusive. The director of labor is the administrative officer charged with the administration of the workmen's compensation law and the motion, under the provisions of section 4453, should be addressed to him.

Consistently with the views herein expressed, the motion is denied without prejudice to its presentation to the director of labor.

*J. V. Hodgson* for the motion.

---

[1] Allen v. Lucas, 15 Haw. 53; Young Chun v. Robinson, 21 Haw. 368.