PETER BERKNESS, ALSO KNOWN AS PER BJERK-
NESS *v.* HAWAIIAN ELECTRIC CO., LTD., ET AL.

No. 4736.

NOVEMBER 28, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON
AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

Peter Berkness lost both of his arms in an industrial
accident on May 13, 1960. On May 11, 1962, he filed a
complaint against the following defendants: (1) Hawai-
ian Electric Co., Ltd., (2) Ronald Y. Hamamoto, general
contractor, (3) Anna L. K. Tatibouet, dba Royal Grove
Hotel Apartments, (4) B. M. Heede, Inc., a New York
corporation, (5) B. M. Heede Hawaii, a Hawaii corpora-

tion, (6) B. M. Heede Canada, Inc., a Canadian corporation, and (7) B. M. Heede California, Inc., a California corporation.

Under our Workmen's Compensation Law, Berkness was awarded the sum of $57,785.87 as compensation. Liberty Mutual Insurance Co. and the Heede companies paid the compensation award. On February 1, 1963, Liberty Mutual moved and was allowed to intervene in this suit.[1]

On the plaintiff's complaint against Hawaiian Electric, after six days of jury trial, in November of 1967, plaintiff and Hawaiian Electric agreed on a settlement for the sum of $350,000. No judgment was entered embodying the settlement but the action against Hawaiian Electric was dismissed with prejudice.

The trial court subsequently awarded Liberty Mutual $6,500 in attorney's fee and $1,285.34 in costs or the total sum of $7,785.34 to be paid by plaintiff from the sum of $350,000 received in settlement. The plaintiff appealed from this order.

Although the plaintiff in his notice of appeal and specifications of error purports to assign as error the trial court's allowance to Liberty Mutual of both the attorney's fee and costs, he failed to argue the award of costs to Liberty Mutual as error in his brief, and therefore, we deem that he has waived and abandoned this point on appeal.

Thus, the sole issue is whether under the provisions of Act 53, S.L.H. 1967, which became effective on May 11, 1967, Liberty Mutual is entitled to an attorney's fee.

Act 53 amended R.L.H. 1955, 1965 Supp. § 97-8[2] by deleting therefrom the fifth unnumbered paragraph and

---

[1] On May 12, 1962, Liberty Mutual Insurance Co. and the four Heede companies had instituted a suit against Hawaiian Electric Co. However, this complaint was dismissed on January 2, 1963, because this suit sought to duplicate the relief sought by plaintiff Peter Berkness.

[2] Now codified as HRS § 386-8.

substituting five paragraphs. The act in question did not in any way change paragraph 4 of § 97-8 which reads as follows:

"No release or settlement of any claim or action under this section is valid without the written consent of both employer and employee. The entire amount of such settlement is subject to the employer's right of reimbursement for his compensation payments under this chapter and his expenses and costs of action."

Act 53, S.L.H. 1967 (HRS § 386-8) states in part:

"If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorney's fees based solely on the services rendered for the benefit of both parties where they are representd by the same attorney, and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees the court shall apply out of the amount of the judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation and shall order any excess paid to the injured employee or other person entitled thereto.

"The amount of reasonable litigation expenses and the amount of attorneys' fees under this section shall be fixed by the court. Where the employer and employee are represented by separate attorneys they may propose to the court, for its consideration and deter-

mination, the amount and division of such expenses and fees."

Liberty Mutual contends that "the statute allows the employer 'where ... represented by separate attorneys' to share in first priority from any judgment for damages recovered not only reasonable litigation expenses but also reasonable attorney's fees." Without doubt the provision entitles Liberty Mutual to a reasonable attorney's fee from any judgment for damages obtained by Berkness. However, in this case no judgment was entered in favor of Berkness against Hawaiian Electric and the question is whether under the provision of the statute, the trial court correctly allowed Liberty Mutual a reasonable attorney's fee.

It is correct that the fourth paragraph of the statute provides that in the event of settlement of any claim the amount received in such settlement "is subject to the employer's right of reimbursement for his compensation payments under this chapter and his expenses and cost of action."

However, this provision does not authorize payment of attorney's fee out of such settlement. We have said that "attorney's fees cannot be awarded as damages or costs where not so provided by statute, stipulation or agreement." *Jones* v. *Dieker*, 39 Haw. 448, 455 (1952). *See also, Kahl* v. *Kahl*, 49 Haw. 688, 427 P.2d 86 (1967); *Mid-Pacific Dress Mfg. Co.* v. *Cadinha*, 33 Haw. 456 (1935); *Young Chun* v. *Robinson*, 21 Haw. 368 (1912).

It is interesting to note that in connection with the enactment of Senate Bill No. 620, which became Act 53, S.L.H. 1967, the committee reports of the Senate Committee on Labor and the House Committee on Labor and Employment Problems are substantially identical and the pertinent portion of the House committee report reads as follows:

"The purpose of this bill is to amend the section of the Workmen's Compensation Law covering third party liability for damages to provide a method for fixing and paying reasonable litigation expenses and attorney's fees in third party actions and for the apportionment of such expenses and fees where both employer and employee file an action against a third party.

"Under present law, an employer who has paid compensation to his employee 'has a first lien up to the amount paid against the entire amount of any judgment for damages recovered by the employee' against a third party. Therefore, an employee who has brought an action against and recovers damages from a third party for a work-connected injury is required to fully reimburse his employer for all payments made under the workmen's compensation law. If the judgment against the third party or the settlement is less than or only slightly larger than the total of the employer's payments, there is little or nothing left for the payment of litigation expenses and attorney's fees. The employer, however, will be fully reimbursed because of the efforts of the employee and his attorney. This inequitable situation created by the present third party liability section discourages employees and their attorneys from bringing action against negligent third parties.

"S.B. No. 620 is based upon the California statute and provides a workable solution to the problem. . . ."

By Act 53 [paragraphs 5-10 of § 97-8] our legislature enacted into law substantially § 3856 of the California Labor Code[3] which provides for payment of an attorney's fee from judgment recovered by an employee and/or employer from a third party tortfeasor. California Labor

---

[3] Added Stats. 1959, c. 1255, p. 3387, § 3.

Code § 3860[4] provides for payment of attorney's fees out of sum received in settlement of a claim.

As noted above, our legislature enacted only the part or portion of the California statute which authorizes the payment of an attorney's fee out of judgment; however, it did not enact the section of the California statute which also authorized the payment of an attorney's fee out of a settlement. We do not believe that our legislature in enacting Act 53 intended that an attorney's fee be paid out of settlement because if the legislature so intended it would have enacted a provision similar to California Labor Code 3860 above mentioned.

The California Supreme Court reached a similar decision in *R. E. Spriggs, Inc.* v. *Industrial Accident Comm.*, 42 Cal. 2d 785, 269 P.2d 876 (1954), on the issue whether an employee who settled his claim against a third party tortfeasor was entitled to an attorney's fee, and at page 789 said: "Section 3856 applies only to a situation in which a lien is sought against a judgment, where the employer 'has failed to join in said action' . . . in which case 'the court shall fix a reasonable attorney's fee,' " and therefore held that the industrial commission erred in allowing attorney's fee under § 3856[5] to the employee from the sum received by him in settlement of his claim, without a judgment.

We hold that Act 53 does not authorize the payment of an attorney's fee under the record of this case and that the trial court erred in awarding to Liberty Mutual attorney's fee in the sum of $6,500.00 to be paid out of the settlement.

We affirm that part of the order which awards costs

---

4 Stats. 1965, c. 1513, p. 3573, § 69.

5 When *Spriggs* was decided, § 3856 was the only California Labor Code which provided for allowance of attorney's fee. § 3860 in the present form allowing payment of attorney's fee out of settlement was not enacted as an amendment until 1965. (See footnote 4 above.)

and reverse the other part of the order which awards an attorney's fee.

*Genro Kashiwa* (*Belli, Ashe, Ellison, Choulos, Cone & Harper* and *Shiro Kashiwa* on the briefs) for plaintiff-appellant.

*Willson C. Moore, Jr.* (*Henshaw, Conroy & Hamilton* of counsel) for intervenor plaintiff-appellee.