VERONICA NASH-GIVENS, Plaintiff-Appellant,
v.
RODNEY RICHARDSON, Defendant-Appellee.
No. 27346.
Intermediate Court of Appeals of Hawaii.
April 8, 2008.
On the briefs:
Veronica Nash-Givens, plaintiff-appellant, pro se.
Rodney Richardson, defendant-appellee, pro se.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FUJISE, JJ.
Plaintiff-Appellant Veronica Nash-Givens (Appellant) appeals from the Final Judgment entered by the Circuit Court of the First Circuit[1] (the circuit court) on June 1, 2005, in favor of Defendant-Appellee Rodney Richardson (Appellee) and against Appellant on all claims alleged by Appellant in her first amended complaint. The Final Judgment was based on an order, also entered on June 1, 2005, that denied Appellant's motion for summary judgment and dismissed her case based on a lack of subject-matter jurisdiction, or in the alternative, based on the ecclesiastical-abstention doctrine (the June 1, 2005 Order). We conclude that the circuit court erred in dismissing Appellant's case for lack of subject-matter jurisdiction. However, we affirm the circuit court's dismissal of the case based on the ecclesiastical-abstention doctrine.

A.
Appellant filed her initial complaint against Appellee in the circuit court on February 4, 2005, alleging, in part, as follows:
I have been experiencing identity theft and fraud; . . . I have report stolen items from a public storage when I move from one location to another as well in order to prevent this ongoing situation. Also on November 1, 2004; I reported at Pali Momi that my MRI disk was switched for the original was not returned to me but a copy. I am actively in a medical tort against a major hospital to which [Appellee] (head usher/minister) of the City of Refuge Christian Church . . . is the location and site of complaint. I have reported the incident to Deacon Moncrease also known as police officer in the state of Oahu.
I have confronted [Appellee] in order to return the item given to me on Easter Sunday, Service more than once. I have also taken caution of doing this; I have spoken to others of the situation which merits investigation and is an accessory to crimes. This qualifies [Appellee] as being directly involved in identity theft; fraud and medical tort by stealing and denying item which was stolen; having a negative impact on [Appellant's] character. The item is important evidence to which is needed in presented ongoing medical tort case.
I know of no other recourse but to involve the legal system for the theft that has occurred at the City of Refuge Christian Church. For I has spoken directly to him first and foremost; then other leader/members of the church; thus following church order but as of February 2005-02-03. The usher/minister has not returned the item given to me. Thus he is withholding information to the crime that was committed being an accessory to the crime.
In closing: the item taken is criminal evidence in which the case is presently active in the Civil Court of Hawaii Case Number XX-X-XXXX-XX SSM[.]
On March 22, 2005, Appellant filed an Amendment to Complaint, in which she alleged that Appellee "has taken property that has been requested several times to return, has spoken to others in the church concerning this matter as well as police authorities." Appellant requested "monetary damages in the amount of one million and written apology to [Appellant] and the members of the City of Refugee [(sic)] Church for wrong actions done which [Appellant] knowingly with holding criminal evidence and defamation of charater [(sic)]."
On May 9, 2005, Appellant filed a Motion for Summary Judgment, again requesting "monetary damages in the amount of one million dollars and written apology to [Appellant] and the members of the City of Refugee [(sic)] Church for wrong actions done which [Appellee] knowingly with holding criminal evidence and defamation of character." In opposing the motion, Appellee filed a declaration that he "did not receive any gift, object of any type during the timeframe mentioned at the City of Refuge Christian Church in Waipahu!"
Following a hearing on Appellant's motion for summary judgment, the circuit court apparently determined that it lacked subject-matter jurisdiction because Appellant's damages did not amount to $10,000. We note that pursuant to Hawaii Revised Statutes (HRS) § 603-21.5(a) (Supp. 2007),[2] the circuit court has jurisdiction over "[c]ivil actions and proceedings[.]" Pursuant to HRS § 604-5(a) (Supp. 2007),[3]
[e]xcept as otherwise provided, the district courts shall have jurisdiction in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $20,000, except in civil actions involving summary possession or ejectment, in which case the district court shall have jurisdiction over any counterclaim otherwise properly brought by any defendant in the action if the counterclaim arises out of and refers to the land or premises the possession of which is being sought, regardless of the value of the debt, amount, damages, or property claim contained in the counterclaim. . . . Subject to subsections (b) and (c), jurisdiction under this subsection shall be exclusive when the amount in controversy, so computed, does not exceed $10,000. . . .
Here, Appellant sought damages amounting to $1 million for alleged theft by Appellee, as well as for defamation, identity theft, fraud, and medical tort, civil claims which fall within the jurisdiction of the circuit court. HRS § 603-21.5(a). We conclude, therefore, that the circuit court erred in holding, as a matter of law, that it lacked subject-matter jurisdiction over Appellant's case.

B.
As to the circuit court's dismissal of Appellant's case based on the ecclesiastical-abstention doctrine, we note that Appellant has not presented to this court any transcripts of the hearing on her motion for summary judgment. See Hawai`i Rules of Appellate Procedure (HRAP) Rule 10(b)(1). Additionally, Appellant has failed to discernibly argue on appeal why she believes that the circuit court erred in applying the ecclesiastical-abstention doctrine.
Although this court adheres to the policy of affording litigants, especially those pro se, the opportunity to "have their cases heard on the merits, where possible[,]" O'Connor v. Diocese of Honolulu, 77 Hawai`i 383, 386, 885 P.2d 361, 364, reconsideration denied, 77 Hawai`i 489, 889 P.2d 66 (1994), Appellant's vague assertions, both below and on appeal, are an insufficient basis for this court to even begin to determine whether the circuit court erred in its application of the ecclesiastical-abstention doctrine. See HRAP Rules 28(b)(7) and 30; State v. Moore, 82 Hawai`i 202, 206 n.1, 921 P.2d 122, 126 n.1 (1996) (court may dismiss arguments that are not discernible); Berkness v. Hawaiian Elec. Co., 51 Haw. 437, 438, 462 P.2d 196, 197 (1969) (points not argued are deemed waived); Bettencourt v. Bettencourt, 80 Hawai`i 225, 230, 909 P.2d 553, 558 (1995) (court may dismiss appeals that violate the Hawai`i Rules of Appellate Procedure).

C.
In light of the foregoing discussion, we vacate that part of the circuit court's June 1, 2005 Order that dismissed Appellant's case "for lack of subject matter jurisdiction" but affirm that part of the June 1, 2005 Order that dismissed Appellant's case on grounds of the ecclesiastical-abstention doctrine. Accordingly, we affirm the Final Judgment entered by the circuit court in Appellee's favor on June 1, 2005.
NOTES
[1] The Honorable Sabrina S. McKenna presided.
[2] The current version of HRS § 603-21.5(a) is identical to the version in effect when Appellant filed the complaint underlying this appeal.
[3] The current version of HRS § 604-5(a) is the same as the version in effect when Appellant filed the underlying complaint.