PETE MUÑOZ and CONNIE MUÑOZ, Plaintiffs-Appellants,
v.
YOSHIMI HATA and SANAE HATA, SANAE HATA TRUST, PAUL THOMAS and JUNE THOMAS, and LARRY LAND and LORI LAND, Defendants-Appellees.
No. 28457
Intermediate Court of Appeals of Hawaii.
September 4, 2008.
On the briefs:
Pete Muñoz and Connie Muñoz, plaintiffs-appellants, pro se.
Deborah K. Wright, (Wright & Kirschbraun, LLLC), for defendants-appellees. Yoshimi Hata, Sanae Hata, Sanae Hata Trust, Paul Thomas, and June Thomas.
David M. Jorgensen and Jennifer M.P.E. Oana, (Ing, Horikawa, Jorgensen & Stewart) for defendants-appellees, Larry Land and Lori Land.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FOLEY, JJ.
This appeal concerns a long-standing dispute between pro se Plaintiffs-Appellants Pete Muñoz and Connie Muñoz (Tenants) on the one hand, and their landlords, Defendants-Appellees Yoshimi Hata and Sanae Hata (Landlords); Landlords' daughter and son-in-law, June Thomas and Paul Thomas, respectively; and Landlords' neighbors, Larry Land and Lori Land, who have an easement across Landlords' property (collectively, Appellees), on the other. Tenants argue on appeal that the Circuit Court of the Second Circuit (circuit court)')[1] erred in: (1) granting Appellees' respective motions to dismiss Tenants' complaint for failure to state a claim upon which relief can be granted, and (2) filing "an unfair and wrong judicial decision in not allowing [Tenants] to bring their points of contention clearly and concisely to the people's attention." Tenants' opening brief is difficult to understand and fails to comply with Hawai`i Rules of Appellate Procedure (HRAP) Rule 28. However, it appears that Tenants contend that their complaint was wrongly dismissed by the circuit court because Landlords, by installing a locked gate across the property that Tenants were leasing from Landlord and by providing Tenants with only two keys to unlock the gate, violated Tenants' (1) freedom of movement; (2) right to enjoy life, liberty, and the pursuit of happiness, and the acquiring and possession of property; and (3) "authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Haines v[.] Kerner, 404 U.S. 519[.]"
After a careful and thorough review of the record and the briefs submitted by the parties, and upon consideration of the relevant statutes and case law, we affirm.
Tenants admit in their opening brief that
[i]n this particular appeal there appears to be no written law, statutes or other written instruments that challenges land owners from locking out visitors, guests, people having business with renters, lessees or others who have legal rights to the use of other people's land. There does, however, appear to be constitutional issues that should be decided upon.
Thus, Tenants tacitly admitted that the only authority they can cite to support the claims raised in their complaint is the Hawaii Constitution, on which they exclusively rely in their appeal. Tenants did not raise these issues before the circuit court, however, and since the circuit court did not have an opportunity to first pass on these constitutional issues, these constitutional points of error must be deemed waived, absent plain error. State v. Yoshino, 50 Haw. 287, 289, 439 P.2d 666, 668 (1968); Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai`i 214, 248, 948 P.2d 1055, 1089 (1997) (holding that "[t]here are sound reasons for the rule. It is unfair to the trial court to reverse on a ground that no one even suggested might be error. It is unfair to the opposing party, who might have met the argument not made below. Finally, it does not comport with the concept of an orderly and efficient method of administration of justice.") (quoting Ellis v. State, 821 S.W.2d 56, 57 (Ark. App. 1991). Our review of the findings and conclusions of the circuit court does not indicate that any "plain error" occurred. Thus, the circuit court's respective motions to dismiss were properly entered.
In their opening brief, Tenants presented, without supporting argument, six vague questions to this court. Although this court adheres to the policy of affording litigants, especially those pro se, the opportunity to "have their cases heard on the merits, where possible[,]" O'Connor v. Diocese of Honolulu, 77 Hawai`i 383, 386, 885 P.2d 361, 364, reconsideration denied, 77 Hawaii 489, 889 P.2d 66 (1994), it is not our duty to research and resolve Tenants' case for them. HRAP Rules 28(b)(7) and 30; Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516, 518 (1967) (court will not search out authorities where none are cited); Berkness v. Hawaiian Elec. Co., 51 Haw. 437, 438, 462 P.2d 196, 197 (1969) (points not argued are deemed waived); and Bettencourt v. Bettencourt, 80 Hawaii 225, 230, 909 P.2d 553, 558 (1995) (court may dismiss appeals that violate the HRAP).
In light of the foregoing, we affirm the March 14, 2007 judgment of the circuit court.
NOTES
[1] The Honorable Joel E. August presided.