ESTHER LEVY *v.* GEORGE P. KIMBALL, TRUSTEE OF THE ESTATE OF CLIFFORD KIMBALL, DECEASED, DBA THE HALEKULANI HOTEL, ET AL.

No. 4872.

FEBRUARY 16, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, JJ., CIRCUIT JUDGE M. DOI FOR LEVINSON, J., DISQUALIFIED, AND CIRCUIT JUDGE KABUTAN FOR KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

The present status of this suit, though it originally involved several defendants, is a tort claim for damages brought by plaintiff Levy against the State of Hawaii under the State Tort Liability Act, HRS Ch. 662.

This appeal is from the second trial[1] where the question of damages was the sole issue. The trial judge, after a trial without a jury, entered a judgment against the State for

---

[1] We reversed the judgment of the first trial and we held the State liable to plaintiff. The case was remanded for retrial only on the issue of damages. Levy v. Kimball, 50 Haw. 497, 443 P.2d 142 (1968).

the total sum of $64,866.41, consisting of general damages in the sum of $50,500, special damages $3,555.34, and attorney's fees $10,811.07.

## I.

### Admission of Transcript

The first point of appeal is that the trial court erred in admitting into evidence the transcript of the plaintiff's testimony in the first trial.

The complaint alleged that the plaintiff was a resident of New York State. The record shows that at the time of the second trial she was still residing in New York State, and that she had not come to Honolulu for the trial.

On the issue as to under what circumstances a transcript of testimony of a former trial may be admitted into evidence, in *Tsuruda* v. *Farm*, 18 Haw. 434 (1907), we held that depositions and transcript of testimonies at a former trial should be admitted into evidence when witnesses are unavailable at the trial based on the principle of necessity. And on the question of unavailability of a witness the court said at page 438 that it:

"may result from his death, his absence from the jurisdiction, his disappearance and inability to find him, his illness, infirmity, age or official duty preventing his attendance, insanity, loss of memory, speech or sight or disqualification by infamy. The unavailability of the witness for purposes of testifying, if shown to the satisfaction of the trial court and with proper limitations to guard against collusion or surprise or the giving of undue advantage avoidable by continuance, is generally sufficient in civil, if not in criminal, cases to admit evidence of his former testimony."

Here the plaintiff was without our jurisdiction in New York State, of which state she was a resident at the time

she was injured while visiting this State as a tourist. In a civil case, we believe a transcript of testimony of a witness at a former trial should be treated similarly as a deposition. In *Kono* v. *Auer,* 51 Haw. 273, 458 P.2d 661 (1969), we held that a deposition taken of defendant who had moved to Canada should have been admitted into evidence under the provisions of H.R.C.P. Rule 26 (d) (3). Therefore, we hold that upon the showing that the plaintiff was without our jurisdicition the trial court properly and correctly admitted into evidence the transcript of her testimony given in the first trial.

## II.

### Awarding of Attorney's Fees
### Under State Tort Liability Act

The State contends that the trial court erred in awarding attorney's fees of $10,811.07 over and above the sum awarded as general and special damages, and that attorney's fees should be paid out of the sum of $54,055.34 and not in addition thereto.

HRS § 662-12 provides:

"The court rendering a judgment for the plaintiff pursuant to this chapter * * * may, as a part of such judgment, award or settlement, determine and allow reasonable attorney's fees which shall not, however, exceed twenty per cent of the amount recovered."

The language of the statute indicates that the court may award attorney's fees in addition to the award of compensatory damages, providing it does not exceed twenty per cent of the amount recovered. There is nothing in the statute requiring that the amount recovered be reduced by the amount of attorney's fees. Rather the statute says that the amount recovered is the figure by which attorney's fees are to be computed and that the attorney's fees so

computed may be awarded by the court as a part of the judgment.

The State draws our attention to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2678, Chapter 171:

*"The court rendering a judgment for the plaintiff pursuant to section 1346(b) of this title \* \* \* may, as a part of such judgment, award, or settlement, determine and allow reasonable attorneys fees, which,* if the recovery is $500 or more, *shall not exceed \* \* \* 20 per centum of the amount recovered* under section 1346(b) of this title, to be paid out of but not in addition to the amount of judgment, award or settlement recovered, to the attorneys representing the claimant."

The underlined portions represent the Hawaii version of the statute. It is clear that the Hawaii statute is patterned after the federal statute, as contended by both parties. Our statute omits the phrase "to be paid out of but not in addition to the amount of judgment, award or settlement recovered, to the attorneys representing the claimant." The legislative history of HRS § 662 reveals no discussion whatsoever on this omission. However, because the Hawaii statute so clearly follows the federal statute, such omission must be deemed intentional. In *Helbush* v. *Mitchell,* 34 Haw. 639, 648 (1938), it is stated:

"It is a generally accepted rule of statutory construction that where the legislative body adopts a law of another State all changes in words and phraseology will be presumed to have been made deliberately and with a purpose to limit, qualify or enlarge the adopted law to the extent that the changes in words and phrases imply. \* \* \* Moreover where portions of the statute adopted are omitted the difference in phraseology between the statute adopted and the local statute as ultimately enacted, may have special interpretative sig-

nificance. * * * Where, as here, the legislative body adopts isolated portions of the statute of another State to the exclusion of other provisions upon the same subject matter, included in the same section from which the language adopted was taken, the statute as ultimately enacted must be given effect accordingly as such exclusions were intended to limit, qualify or enlarge the portions adopted."

The effect of the omission in this statute is clear, namely there is no intent to require that attorney's fees be paid out of and not in addition to the award of damages. Thus, the reference to the federal statute in fact makes the plain reading of the statute mandatory.

The State contends that because our statute follows the federal statute, the interpretation of the federal statute must control. However, the cases cited by the State all rely upon the language of the federal statute to the effect that attorney's fees must be paid out of and not in addition to the award. This is the very language omitted by the Hawaii statute. The federal cases are inapposite.

In the construction of a statute the general law is that a statute should be so interpreted to give it effect; and we must start with the presumption that our legislature intended to enact an effective law, and it is not to be presumed that legislation is in vain effort, or a nullity. *In re Pringle,* 22 Haw. 557, 564 (1915); *Pliakos* v. *Illinois Liquor Control Commission,* 11 Ill. 2d 456, 143 N.E.2d 47 (1957); *Peterson* v. *Flood,* 84 Ariz. 256, 326 P.2d 845 (1958); *Combs* v. *Cook,* 238 Ind. 392, 151 N.E.2d 144 (1958).

The Federal Tort Claims Act, 28 U.S.C. § 2678, second paragraph provides:

"Any attorney who charges, demands, receives, or collects for services rendered in connection with such

claim any amount in excess of that allowed under this section, if recovery be had, shall be fined not more than $2,000 or imprisoned not more than one year or both."

In our opinion, the foregoing provision of the Federal Tort Claims Act leaves no doubt as to its purpose of prohibiting an attorney from charging a claimant more than 20 per cent of a recovery to prevent gouging. *United States v. Cohen,* 389 F.2d 689 (5th Cir. 1967).

Though our statute does not contain such a provision, the State argues that the intent and purpose of HRS § 662-12 was to prohibit an attorney from receiving more than 20 per cent of an award as his fee. If such prohibition was intended by our legislature, it failed to express this intent in our statute and "it is not for this court to usurp legislative power and enter into the legislative field. * * * " *A. C. Chock, Ltd. v. Kaneshiro,* 51 Haw. 87, 93, 451 P.2d 809, 813 (1969).

Further, as our State Tort Liability Act does not limit or prohibit an attorney from receiving more than 20 per cent of an award recovered against the State under the Act, to hold that HRS § 662-12 authorizes the trial court to allow an attorney a fee not exceeding 20 per cent of an award "to be paid out of but not in addition to the amount" of judgment or award would make the provision meaningless and ineffective, because by contract an attorney and his client may agree on fees other than that set by the court.

The provision can only be given meaning or effect if we interpret it as authorizing the court to award an attorney's fee of 20 per cent of the judgment over and above or in addition to the judgment because the general rule in our jurisdiction is that attorney's fee is not taxable as cost or damages in tort actions to losing parties in the absence of a statute. *Chun v. Park,* 51 Haw. 437, 462 P.2d 905 (1969); *Berkness v. Hawaiian Electric Co.,* 51 Haw.

437, 462 P.2d 196 (1969); *Brown* v. *Tokuda,* 49 Haw. 311, 417 P.2d 636 (1966).

Therefore, we hold that HRS § 662-12 authorizes the trial court to award an attorney's fee up to 20 per cent of the judgment, in addition to the judgment and not out of the judgment.

Our attention has also been drawn to HRS § 662-9 which provides:

> "In an action under this chapter, court costs and fees as set by law, except attorney's fees, shall be allowed to the successful claimant."

The above section provides that court costs and fees shall be awarded and excepts the subject matter of attorney's fees because HRS § 662-12 provides for the allowance of attorney's fees. Thus, HRS § 662-12 entitled "Attorney's Fees" is the controlling section with respect to attorney's fees and it is not inconsistent with HRS § 662-9.

Affirmed.

*William H. Yim,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, *Ronald Y. Amemiya, Donald K. O. Wong* and *Walton D. Y. Hong,* Deputy Attorneys General, with him on the briefs) for defendant-appellant State of Hawaii.

*Stuart M. Cowan* (*Greenstein & Cowan* of counsel) for plaintiff-appellee.