EDUCATORS VENTURES, INC. and HAWAII EDUCATION ASSOCIATION, Plaintiffs-Appellants, *v.* GWENDOLYN FLORENCE BUNDY, Defendant, and REAL ESTATE COMMISSION OF THE STATE OF HAWAII, Defendant-Intervenor-Appellee

NO. 7299

(CIVIL NO. 46686)

OCTOBER 18, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Pursuant to Hawaii Revised Statutes (HRS) § 467-16 (1976), plaintiffs-appellants sought payment from the real estate recovery fund (Fund) of a portion of an unsatisfied judgment previously obtained against defendant Gwendolyn Florence Bundy (Bundy) plus attorney fees incurred in obtaining the judgment. The lower court ordered payment from the Fund of $10,000 to each plaintiff, but denied any additional payment therefrom for attorney fees.[1] Plaintiffs appeal from the denial of additional payment for attorney fees.

HRS § 467-16 provides in pertinent part as follows:

The real estate commission shall establish and maintain a real estate recovery fund from which any person aggrieved by an act, representation, transaction, or conduct of a duly licensed real estate broker, or real estate salesman, upon the grounds of fraud, misrepresentation, or deceit, may recover by order of the circuit court or district court of the county where the violation occurred, an amount of not more than $10,000 for damages sustained by the fraud, misrepresentation, or deceit, including court costs and fees as set by law, and reasonable attorney fees as determined by the court.

---

[1] The lower court made no determination of reasonable attorney fees for appellants. Appellants claimed that they incurred attorney fees in the amount of $26,429.50. Record at 741.

The only issue before us is whether, under HRS § 467-16, the recovery by an aggrieved person is limited to $10,000 *including* reasonable attorney fees or $10,000 *plus* reasonable attorney fees.

We construe HRS § 467-16 to mean $10,000 *including* reasonable attorney fees and affirm.

On October 3, 1977, plaintiffs obtained a judgment against Bundy, a licensed real estate salesperson, in the sum of $397,794.58, including punitive damage of $100,000.00. The judgment was based on a jury's special verdict which found that in a real estate investment transaction, Bundy had made false representations which plaintiffs relied upon and that Bundy had breached an agreement entered into with plaintiffs. Subsequently, on December 8, 1977, the court awarded plaintiffs costs of $9,731.93, including statutory attorneys' commission of $8,069.86.

Plaintiffs sought to satisfy the judgment by various post-judgment procedures without success.

On September 12, 1978, plaintiffs filed a motion seeking recovery from the Fund pursuant to HRS § 467-18.[2] The Real Estate Commission of the State of Hawaii (Commission), administrator of the Fund, intervened. On November 13, 1978, the lower court entered an order directing payment of $10,000 to each of the plaintiffs from the Fund. The order further provided that the $10,000 maximum specified in HRS § 467-16 "was intended to include any amount of compensation awarded for attorneys' fees." Plaintiffs' appeal followed.

I.

The rules of statutory construction applied in this jurisdiction were summarized in *In re Hawaiian Telephone Company*, 61 Haw. 572, 608 P.2d 383 (1980). Our supreme court stated:

The fundamental objective in construction of statutes is to ascertain and give effect to the intention of the legislature. The intention of the legislature is to be obtained primarily from the

---

[2] Hawaii Revised Statutes (HRS) § 467-18 (1976) details the procedure an aggrieved person must follow to obtain payment from the Fund. The section also specifies what the aggrieved person is required to prove at a court hearing on his HRS § 467-16 claim.

language contained in the statute itself. Accordingly, a basic tenet of statutory interpretation is that where the language of the law in question is plain and unambiguous, construction by this court is inappropriate and our duty is only to give effect to the law according to its plain and obvious meaning. On the other hand, where the language of a statute is ambiguous or of doubtful meaning, or where literal construction of the statute would produce an absurd or unjust result, clearly inconsistent with the purposes and policies the statute was designed to promote, judicial construction and interpretation are warranted and also the court may resort to extrinsic aids to construction.

*Id.* at 577-78, 608 P.2d at 387 (citations omitted).

Paradoxically, both plaintiffs and the Commission claim that the language of HRS § 467-16 is unambiguous, but arrive at opposite results.

The crucial words in HRS § 467-16 involved in the case are "an amount of not more than $10,000 for damages . . . , including court costs and fees as set forth by law, and reasonable attorney fees as determined by the court." Plaintiffs argue that the presence of the comma before the last phrase results in a plain meaning of $10,000 for damages, including costs and fees as set forth by law, plus reasonable attorney fees as determined by the court. On the other hand, the Commission contends that the "placement of the comma is not necessarily indicative of legislative intent." If the presence of the comma is ignored, HRS § 467-16 clearly means $10,000 for damages, including costs and fees as set forth by law and including reasonable attorney fees.

A treatise on statutory construction provides:

[P]unctuation is a part of the act and . . . it may be considered in the interpretation of the act but may not be used to create doubt or to distort or defeat the intention of the legislature. When the intent is uncertain, punctuation, if it affords some indication of the true intention, may be looked to as an aid.

On the other hand, if the act as originally punctuated does not reflect what is otherwise indicated to be the true legislative purpose, in order to effectuate such purpose the punctuation may be disregarded, transposed, or the act may be repunctuated.

2A C. Sands, Sutherland Statutory Construction, § 47.15, at 98 (4th ed. 1973) (footnotes omitted).

We do not believe that the placement of a comma in HRS § 467-16 should be determinative of the intent of the legislature in its enactment. The presence of the comma has caused a doubt as to the meaning of HRS § 467-16. Where there is "doubt" or "doubleness of meaning," an ambiguity exists. *State v. Sylva*, 61 Haw. 385, 388, 605 P.2d 496, 498 (1980). Due to such ambiguity, we resort to extrinsic aids to the construction of HRS § 467-16. *See State v. Tavares*, 63 Haw. 509, 630 P.2d 633 (1981); *In re Hawaiian Telephone Company, supra*.

## II.

"Courts may take legislative history into consideration in construing a statute." *Life of the Land v. City & County*, 61 Haw. 390, 447, 606 P.2d 866, 899 (1980); *Kamanu v. E. E. Black, Ltd.*, 41 Haw. 442 (1956). We will resort to legislative history to construe HRS § 467-16 in light of legislative intent.

In 1967, the legislature authorized and directed the Commission to establish the Fund.[3] The purpose of the 1967 act was "to furnish financial protection to the consumer public when dealing with real estate brokers and salesmen by providing a fund which, under certain circumstances, will satisfy unpaid judgments against real estate brokers and salesmen." The funds necessary to carry out this purpose were to "be provided by real estate brokers and salesmen *without undue burden to them.*" Senate Stand. Comm. Rep. No. 882, 4th Hawaii Leg., Reg. Sess., *reprinted in* Senate Journal 1233, 1234 (1967); House Stand. Comm. Rep. No. 700, 4th Hawaii Leg., Reg. Sess., *reprinted in* House Journal 745 (1967) (emphasis added). To limit the burden imposed on real estate brokers and salesmen, section 170-15 of the act (now HRS § 467-16) provided that an aggrieved person may recover "an amount of not more than ten thousand dollars for damages," and section 170-23 (now HRS § 467-24) stated that the liability of the Fund "shall not exceed twenty thousand dollars ($20,000) for any one licensee."[4]

In 1976, HRS § 467-16 was amended to specifically allow recov-

---

[3] Act 187, 1967 Haw. Sess. Laws 180, subsequently codified as part of HRS chap. 467.

[4] *Id.* at 180, 183.

ery of court costs and fees and reasonable attorney fees from the Fund.[5] The legislative reason for the amendment was as follows:

Under existing law any person aggrieved by an act, representation, transaction or conduct of a duly licensed real estate broker or salesman upon grounds of fraud, misrepresentation or deceit may recover by court order from the real estate recovery fund an amount not more than $10,000 for damages sustained by such fraud, misrepresentation or deceit. No specific statutory provisions provide for recovery of court costs and fees and attorney fees. This bill would allow recovery for these items of cost from the real estate recovery fund.

Senate Stand. Comm. Rep. No. 747-76, 8th Hawaii Leg., Reg. Sess., *reprinted in* Senate Journal 1210 (1976). Similar language is found in House Stand. Comm. Rep. No. 68-76, 8th Hawaii Leg., Reg. Sess., *reprinted in* House Journal 1284 (1976).

The legislature was concerned that under a strict reading of HRS § 467-16 before the 1976 amendment, only damages could be awarded. It felt that an aggrieved person should be able to recover court costs and fees and attorney fees along with damages from the Fund. However, we note that the legislature considered "court costs and fees and attorney fees" as a unitary item, thus indicating that "court costs and fees and attorney fees" should be treated in the same way. The indication is that "court costs and fees and attorney fees" were to be included with damages within the maximum recovery of $10,000.

In 1977, the legislature amended HRS § 467-24[6] to increase the liability of the Fund from $20,000 to $40,000 per licensee. The reason given by the legislature was:

The real estate recovery fund has been in existence since 1968. The maximum liability for any one real estate licensee has been $20,000 since that date. Your Committee feels that an increase to

---

[5] Act 143, 1976 Haw. Sess. Laws 258. The 1976 amendment resulted in the present version of HRS § 467-16.

[6] Act 197, 1977 Haw. Sess. Laws 428, 431. HRS § 467-24 presently reads as follows:

§ 467-24 *Maximum liability.* Notwithstanding any other provision, the liability of the real estate recovery fund shall not exceed $40,000 for any one licensee.

$40,000 is in keeping with inflationary trends in the cost of real property.

Senate Stand. Comm. Rep. No. 769, 9th Hawaii Leg., Reg. Sess., *reprinted in* Senate Journal 1178, 1179 (1977). *See Clark v. Cassidy,* 64 Haw. 74, 636 P.2d 1344 (1981). Interestingly, despite inflationary trends, the legislature did not raise the $10,000 limit imposed by HRS § 467-16.

Legislative concern that real estate brokers and salesmen not be unduly burdened financially and legislative treatment of "court costs and fees and attorney fees" as a unitary item convince us that, in amending HRS § 467-16, the legislature intended that an aggrieved person recover from the Fund not more than $10,000 for damages, *including* "court costs and fees and attorney fees."

## III.

Reference to other analogous statutes with similar language and dealing with similar subject matter may be helpful in the interpretation of a doubtful statute. Professor Sands writes:

By referring to other similar legislation, a court is able to learn the purpose and course of legislation in general, and by transposing the clear intent expressed in one or several statutes to a similar statute of doubtful meaning, the court not only is able to give effect to the probable intent of the legislature, but also to establish a more uniform and harmonious system of law.

2A C. Sands, Sutherland Statutory Construction, § 53.03, at 346 (4th ed. 1973) (footnotes omitted). *See, e.g., State v. G.L.P.,* 590 P.2d 65 (Alaska 1979).

The legislative history of HRS § 444-26 (1976 & Supp. 1981)[7]

---

[7] HRS § 444-26 (Supp. 1981) reads in part as follows:

§ 444-26 *Contractors recovery fund; use of fund; person injured; fees.* The contractors license board is authorized and directed to establish and maintain a contractors recovery fund from which any person injured by an act, representation, transaction, or conduct of a duly licensed contractor, which is in violation of the provisions of this chapter or the regulations promulgated pursuant thereto, may recover by order of the circuit court or district court of the county where the violation occurred, an amount of not more than $10,000 for damages sustained by the act, representation, transaction or conduct. Recovery from the fund shall be limited to the actual damages suffered by the claimant, including court costs and fees as set by law, and reasonable attorney fees as determined by the court;

which created the contractors recovery fund parallels that of HRS § 467-16.

In 1973, the legislature enacted a law creating the contractors recovery fund[8] patterned after the real estate recovery fund law.[9] Both recovery systems are funded by assessments imposed on licensees. As originally enacted, HRS § 444-26 limited payment from the contractors recovery fund of "not more than $10,000 for damages sustained."[10]

In 1976, both HRS § 467-16 and HRS § 444-26 were amended. HRS § 444-26 was modified to allow recovery from the contractors recovery fund of not more than $10,000 for damages suffered, "including court costs and fees as set by law, and reasonable attorney fees as determined by the court."[11] The 1976 amendments used the exact words and the same placement of the comma as to "court costs and fees and attorney fees" in both HRS § 467-16 and § 444-26. The reason given for the amendment of HRS § 444-26 was similar to that given for the amendment of HRS § 467-16:

> Under existing law any person aggrieved by an act, representation, transaction or conduct of a duly licensed contractor may recover by court order from the contractors recovery fund an amount not more than $10,000 for damages sustained as a result of such act, representation, transaction or conduct. No specific statutory provisions provide for recovery of court costs and fees and attorney fees. This bill will allow recovery for these items of cost from the contractors recovery fund.

Senate Stand. Comm. Rep. No. 748-76, 8th Hawaii Leg., Reg. Sess.,

---

provided that recovery from the fund shall not be awarded to persons injured by an act, representation, transaction, or conduct of a contractor whose license was in an inactive status at the time of the injury.

[8] Act 170, 1973 Haw. Sess. Laws 268.

[9] Senate Stand. Comm. Rep. No. 590, 7th Hawaii Leg., Reg. Sess., *reprinted in* Senate Journal 898 (1973); Senate Stand. Comm. Rep. No. 733, 7th Hawaii Leg. Reg. Sess., *reprinted in* Senate Journal 935, 936 (1973); House Stand. Comm. Rep. No. 98, 7th Hawaii Leg. Reg. Sess., *reprinted in* House Journal 790 (1973); House Stand. Comm. Rep. No. 170, 7th Hawaii Leg. Reg. Sess., *reprinted in* House Journal 830 (1973).

[10] Act 170, *supra* n.9, at 269.

[11] Act 144, 1976 Haw. Sess. Laws 259.

*reprinted in* Senate Journal 1210 (1976). Similar language is also found in House Stand. Comm. Rep. No. 83-76, 8th Hawaii Leg., Reg. Sess., *reprinted in* House Journal 1292 (1976).

In 1977, HRS § 444-26 was amended again to limit the class of people entitled to recover from the contractors recovery fund. The legislative committee report recommended enactment of the amendment and also stated:

> In 1976 the legislature amended the law to allow any person aggrieved by an act, representation, transaction, or conduct of a duly licensed contractor to recover court costs and fees as set by law and reasonable attorney's fees as determined by the court from the contractors recovery fund. Your Committee wishes to emphasize that the *maximum amount* to be recovered for actual damages sustained from the contractors recovery fund *shall be $10,000, which shall include court costs and fees and attorney's fees.*

Senate Stand. Comm. Rep. No. 770, 9th Hawaii Leg., Reg. Sess., *reprinted in* Senate Journal 1179 (1977) (emphasis added).[12]

Thus, the history of HRS § 444-26 indicates that notwithstanding the placement of the comma, the words "reasonable attorney fees" should be read together with the words "court costs and fees." Both are includable in the maximum amount recoverable from the fund by a "person injured."

Likewise, HRS § 467-16, which contains the same pertinent phrase and punctuation as in HRS § 444-26, should be construed to include "court costs and fees and reasonable attorney fees."

The legislative history of HRS § 467-16 and its parallels with § 444-26 lead us to the conclusion that the lower court was correct in its interpretation of HRS § 467-16.

Affirmed.

*Paul Alston, Shelby Anne Floyd, James T. Paul* and *Jeffrey S. Grad (Paul, Johnson & Alston,* of counsel, and *Jeffrey S. Grad,* Attorney at

---

[12] Although a legislative committee report commenting on an earlier act is said not to be part of legislative history, it is entitled to some consideration as an expert opinion concerning the proper interpretation of the act. *Cuarisma v. Urban Painters, Ltd.,* 59 Haw. 409, 583 P.2d 321 (1978); 2A C. Sands, Sutherland Statutory Construction, §§ 48.06, 49.11 (4th ed. 1973); *Russ v. Wilkins,* 624 F.2d 914 (9th Cir. 1980), *cert. denied,* 451 U.S. 908 (1981); *Bobsee Corporation v. United States,* 411 F.2d 231 (5th Cir. 1969).

Law, a Law Corporation, of counsel) on briefs for plaintiffs-appellants.

*Sidney K. Ayabe (Libkuman, Ventura, Ayabe & Hughes,* of counsel) on brief for defendant-intervenor-appellee.