Electronically Filed
Supreme Court
SCAP-14-0001363
27-SEP-2017
08:21 AM

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

MICHAEL PATRICK O'GRADY, individually; and
LEILONI O'GRADY, individually,
Petitioners/Plaintiffs-Appellants,

vs.

STATE OF HAWAI'I and
STATE OF HAWAI'I DEPARTMENT OF TRANSPORTATION,
Respondents/Defendants-Appellees,

and

THE COUNTY OF HAWAI'I; HAWAIIAN ELECTRIC COMPANY;
HAWAIIAN ELECTRIC LIGHT COMPANY; HAWAIIAN ELECTRIC
INDUSTRIES, INC.; HULU LOLO, INC.; and DOES 1-100, inclusive,
Defendants.

SCAP-14-0001363

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CAAP-14-0001363; CIV. NO. 07-01-0372)

SEPTEMBER 27, 2017

RECKTENWALD, C.J., McKENNA, POLLACK, AND WILSON, JJ., AND
CIRCUIT COURT JUDGE CRABTREE, IN PLACE OF NAKAYAMA, J., RECUSED

OPINION OF THE COURT BY POLLACK, J.

## I. INTRODUCTION

After this court filed its opinion in O'Grady v. State, No. SCAP-14-0001363, 2017 WL 2464970 (Haw. June 7, 2017), Michael Patrick O'Grady and Leiloni O'Grady (collectively, the O'Gradys or Petitioners) moved for an award of attorney's fees in the amount of $15,842.14 and costs in the amount of $4,815.17, pursuant to sections 662-9 and 662-12 of the Hawaii Revised Statutes (HRS) and Hawai'i Rules of Appellate Procedure (HRAP) Rule 39, against the State of Hawai'i (State) and the State of Hawai'i Department of Transportation (DOT) (collectively, Respondents). We grant the O'Gradys' request for costs but deny their request for attorney's fees.

## II. DISCUSSION

### A. Attorney's fees under HRS §§ 662-9 and 662-12

The O'Gradys contend that this court has the discretion to award attorney's fees pursuant to HRS § 662-9 (2016) and HRS § 662-12 (2016). Respondents oppose the O'Gradys' request for attorney's fees, arguing that under HRS § 662-12, "there must be a judgment in favor of Petitioners against the State," and that "there has been no judgment" in this case. Thus, Respondents assert that the O'Gradys' request for attorney's fees is "at best, premature." Further,

2

Respondents contend that the fees requested cannot be awarded as sanctions because "the State was not the appealing party."

Our analysis commences with the statutory interpretation of HRS § 662-9 and HRS § 662-12. "Statutory interpretation is a question of law reviewable de novo." Boyd v. Haw. State Ethics Comm'n, 138 Hawai'i 218, 224, 378 P.3d 934, 940 (2016). The established canons of statutory interpretation advise us to begin with the plain-language interpretation of the provisions of the statute at issue, bearing in mind that "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." Id. (quoting Estate of Roxas v. Marcos, 121 Hawai'i 59, 66, 214 P.3d 598, 605 (2009)). A court may examine other sources, including a statute's legislative history, in order to "discern the underlying policy [that] the legislature sought to promulgate" in the enactment of the statute. State v. Abel, 134 Hawai'i 333, 339, 341 P.3d 539, 545 (2014) (alteration in original) (quoting State v. McKnight, 131 Hawai'i 379, 388, 319 P.3d 298, 307 (2013)).

HRS § 662-9 states as follows: "In an action under this chapter, court costs and fees as set by law may be allowed to the prevailing party." HRS § 662-9 (emphasis added). HRS §

662-9 thus allows an award of "fees," which includes attorney's fees. See Fee, Black's Law Dictionary (10th ed. 2014) (defining "fee" as "[a] charge or payment for labor or services, esp. professional services" and includes "attorney's fees"). The amount of fees awarded by a court, however, must be determined as "set by law." HRS § 662-9. Accordingly, while HRS § 662-9 provides discretionary authority to the courts to award fees to the prevailing party, the allowable amount and the manner in which such fees is to be calculated are governed by another source of law. See id. HRS § 662-12, entitled "Attorney's fees," of the State Tort Liability Act is a statute that "set[s] by law" the manner in which attorney's fees may be determined and awarded by a court under HRS § 662-9. See State v. Alangcas, 134 Hawai'i 515, 527, 345 P.3d 181, 193 (2015) ("Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. . . . ." (quoting State v. Kamana'o, 118 Hawai'i 210, 218, 188 P.3d 724, 732 (2008))).

        In pertinent part, HRS § 662-12 reads as follows:

> The court rendering a judgment for the plaintiff pursuant to this chapter . . . may, as a part of such judgment, . . . determine and allow reasonable attorney's fees which shall not, however, exceed twenty-five per cent of the amount recovered and shall be payable out of the judgment awarded to the plaintiff; provided that such limitation shall not include attorney's fees and costs that the court may award the plaintiff as a matter of its sanctions.

HRS § 662-12.

HRS § 662-12 provides courts with discretionary authority to "determine and allow reasonable attorney's fees," and it also governs the allowable amount of attorney's fees ("twenty-five per cent of the amount recovered") and the manner in which it may be awarded to the plaintiff ("payable out of the judgment awarded") subject to an exception (if the fees are "a matter of . . . sanctions"). HRS § 662-12. Reading HRS § 662-12 in pari materia with HRS § 662-9, when the plaintiff is the prevailing party in a suit brought under the State Tort Liability Act, the court rendering a judgment for the plaintiff may, pursuant to HRS § 662-12, allow reasonable attorney's fees not to exceed twenty-five percent of the amount recovered and payable out of the judgment awarded to the plaintiff. HRS §§ 662-9, 662-12.[1]

This interpretation is supported by Levy v. Kimball, 51 Haw. 540, 465 P.2d 580 (1970), which interpreted HRS § 662-12, and by the amendments to HRS § 662-12 that the legislature enacted subsequent to our decision in Levy. At the time that

---

[1] The limitation as to the amount of allowable attorney's fees and the manner in which attorney's fees may be awarded, however, does not apply if such fees are being awarded as sanctions. We also note that HRS § 662-12 applies only when the court is "rendering a judgment for the plaintiff." Thus, where the State is the prevailing party under HRS § 662-9, HRS § 662-12 does not "set by law" the amount of awardable attorney's fees or the manner in which such fees may be awarded, as this statute only applies to the plaintiff; in such a situation, there must be another statute that independently "set[s] by law" the attorney's fees that may be awarded to the State as the prevailing party. See HRS § 662-9.

5

Levy was decided, HRS § 662-12 provided as follows: "The court rendering a judgment for the plaintiff pursuant to this chapter . . . may, as a part of such judgment, award, or settlement, determine and allow reasonable attorney's fees which shall not, however, exceed twenty per cent of the amount recovered." 51 Haw. at 543, 465 P.2d at 582 (quoting HRS § 662-12 (1968)). The State in Levy argued that the phrase "as a part of such judgment" in HRS § 662-12 implied that the attorney's fees awarded under the statute would be paid out of the judgment, not in addition to it. Id. Rejecting the argument, this court held that "HRS § 662-12 authorizes the trial court to award an attorney's fee up to 20 per cent of the judgment, in addition to the judgment and not out of the judgment." Id. at 546, 465 P.2d at 584.

After Levy was decided, the legislature amended HRS § 662-12 in 1979, as follows:

> Attorney's fees. The court rendering a judgment for the plaintiff pursuant to this chapter or the attorney general making a disposition pursuant to section 662-11 may, as a part of such judgment, award, or settlement, determine and allow reasonable attorney's fees which shall not, however, exceed [twenty] twenty-five per cent of the amount recovered and shall be payable out of the judgment awarded to the plaintiff; provided that such limitation shall not include attorney's fees and costs that the court may award the plaintiff as a matter of its sanctions.

1979 Haw. Sess. Laws Act 152, §4 at 333.[2]

---

[2] The Act, as it appears in the 1979 Session Laws, was not Ramseyer formatted (i.e., repealed statutory material is bracketed and stricken and

(continued . . .)

The original House Bill--H.B. 1634, H.D. 1, 10th Leg. Reg. Sess. (1979)--"would have repealed section 662-12 . . . on the theory that such repeal would discontinue the present practice by judges of allowing attorney's fees in addition to judgments awarded in favor of plaintiffs."  S. Stand. Comm. Rep. No. 861, in 1979 Senate Journal, at 1389.  The accompanying House Standing Committee Report explains:

> Your Committee heard testimony that because the 20% award is made over and above the judgment, it is 20% higher than would be made against any other defendant.  Your Committee feels that there is no reasonable basis for such a differentiation and finds that the disallowance of such an award is desirable and necessary.

H. Stand. Comm. Rep. No. 619, in 1979 House Journal, at 1434.

The Senate Standing Committee amended the House Draft "to make attorney's fees payable out of judgments awarded to plaintiffs, thus treating the problem more directly," and this change was confirmed by the Conference Committee.[3]

---

(. . . continued)

new statutory material is underscored), as was authorized by the 1978 version of HRS § 23G-16.5 (providing that "[w]henever, in any Act, statutory material to be repealed is bracketed and new material is underscored as a matter of bill drafting style, the revisor, in printing the Act, need not include the brackets, the bracketed material, or the underscoring).  To clearly illustrate the 1979 amendments, Ramseyer formatting was supplied to the block quote.

[3]      See S. Stand. Comm. Rep. No. 861, in 1979 Senate Journal, at 1389, see H.B. 1634, H.D. 1, S.D. 1, 10th Leg. Reg. Sess. (1979); Conf. Comm. Rep. No. 62, in 1979 Senate Journal, at 981; Conf. Comm. Rep. No. 60, in 1979 House Journal, at 1115.

The 1979 amendment and its accompanying committee reports reflect that the legislature intended to reverse Levy's holding that fees under HRS § 662-12 would be awarded in addition to the judgment. Thus, the language of HRS § 662-12, as it stands today, permits an award of attorney's fees, but the fee award of the court must not exceed twenty-five percent of the amount recovered and must be paid from the proceeds of the judgment, not in addition to it.[4]

The United States District Court for the District of Hawaii recently reached the same result in Kauhako v. State of Hawaii Board of Education Department of Education, Civil No. 13-00567 DKW-KJM, 2016 WL 7365206 (D. Haw. Nov. 28, 2016), adopted by No. CV 13-00567 DKW-KJM, 2016 WL 7362835 (D. Haw. Dec. 19, 2016). After looking at the 1979 amendments to HRS § 662-12, the district court held that the statute permits an award of fees payable out of the judgment, not in addition to it. Id. at *5. Under the circumstances, it declined to award attorney's

---

[4] HRS § 662-12 does not require a court to award attorney's fees, and a decision not to do so may be particularly appropriate when there is an attorney-client fee agreement exceeding the statutory amount or the presence of other reasons not to award fees. See Kauhako v. State of Haw. Bd. of Educ. Dep't of Educ., Civil No. 13-00567 DKW-KJM, 2016 WL 7365206 (D. Haw. Nov. 28, 2016), adopted by No. CV 13-00567 DKW-KJM, 2016 WL 7362835 (D. Haw. Dec. 19, 2016) (recommending that the district court deny attorneys' fee award under HRS § 662-12 because the award would come out of and not be added to the judgment); Viveiros v. State, 54 Haw. 611, 614, 513 P.2d 487, 489-90 (1973) (affirming trial court's denial of awarding attorney's fees under HRS § 662-12).

8

fees to the plaintiff because doing so would only apportion the judgment without "increas[ing] the net result to the moving party." Id.

The O'Gradys, on the other hand, suggest an interpretation of HRS § 662-9 that would allow recovery of attorney's fees in full, in addition to the judgment. According to the O'Gradys, so long as they are the "prevailing part[ies]" within the meaning of that phrase under HRS § 662-9, they can recover the full amount of their attorney's fees under HRS § 662-9 without regard to the restrictions and limitations in HRS § 662-12. This interpretation disregards the words "as set by law" in HRS § 662-9 and the specific provisions in HRS § 662-12 regarding recovery of attorney's fees. In particular, the O'Gradys' interpretation not only would allow parties to claim attorney's fees in addition to the judgment, it would also circumvent the amount of attorney's fees that may be awarded by a court in suits brought under the State Tort Liability Act. Further, the O'Gradys' position would bypass the statutory revisions made by the legislature through the 1979 amendment to HRS § 662-12.

The O'Gradys also contend that they can recover the full amount of their attorney's fees "as a sanction" under HRS § 662-12. However, the exclusion in HRS § 662-12 that pertains to "sanctions" means that, if sanctions were to be awarded pursuant

to another legal authority, then it must be specifically excluded from the statutory amount that a court may award pursuant to HRS § 662-12.  See HRS § 662-12.  HRS § 662-12, by itself, does not provide sufficient grounds for awarding attorney's fees "as sanctions," and the O'Gradys do not identify any authority that would permit this court to award attorney's fees as sanctions.[5]

We therefore conclude that HRS § 662-9 allows a court to award attorney's fees only to the extent permitted under HRS § 662-12.  Consequently, we evaluate the O'Gradys' request for a court award of attorney's fees pursuant to the parameters of HRS § 662-12.[6]

---

[5]     This conclusion is supported by the legislative history of the 1979 amendment to HRS § 662-12.  The Conference Committee exempted "sanctions" from the application of the twenty-five-percent cap and the requirement that the attorney's fees be awarded from the judgment awarded to plaintiffs because "it is necessary that the authority of the court to award sanctions against the Attorney General and his staff should not be negated by implication."  Conf. Comm. Rep. No. 62, in 1979 Senate Journal, at 981—82; Conf. Comm. Rep. No. 60, in 1979 House Journal, at 1115.  The Conference Committee noted that "sanctions are to be allowed similarly as against all other party litigants whenever unreasonable conduct by the Attorney General or his staff is deemed by the court to have unfairly required accrual of attorney's fees and costs by the opposing party."  Conf. Comm. Rep. No. 62, in 1979 Senate Journal, at 981—82; Conf. Comm. Rep. No. 60, in 1979 House Journal, at 1115.  Thus, the legislature, in amending HRS § 662-12, recognized that the courts already had a preexisting power to impose sanctions pursuant to various other laws, and the exception for "sanctions" included in the 1979 amendment to HRS § 662-12 simply acknowledged that power and structurally conformed HRS § 662-12 with that power so that the statute would not conflict or implicitly negate that power.  HRS § 662-12, therefore, did not create an independently sufficient authority for a court to award attorney's fees as sanctions.

[6]     The holding in this case is based upon our analysis of HRS §§ 662-9 and 662-12 and does not address other statutory provisions or applicable law allowing an award of attorney's fees against the State.

**B.    The O'Gradys' request for recovery of attorney's fees under HRS §§ 662-9 and 662-12 is premature**

As discussed, in a suit brought under the State Tort Liability Act, HRS §§ 662-9 and 662-12 permit a "court rendering a judgment for the plaintiff" to "determine and allow reasonable attorney's fees" to the "prevailing" plaintiff, but the fees awardable by a court may not exceed twenty-five per cent of the amount that the plaintiff recovered and must be paid "out of the judgment awarded to the plaintiff."  HRS §§ 662-9 (2016), 662-12 (2016).

Accordingly, the first issue for this court to address regarding the O'Gradys' request for attorney's fees is whether this court's judgment on appeal in O'Grady v. State, No. SCAP-14-0001363, 2017 WL 2464970 (Haw. June 7, 2017), is a "judgment for" the O'Gradys under HRS § 662-12.  Generally, "[a] judgment is the final action of a court, which disposes of the matter before it."  Inter-Island Resorts, Ltd. v. Akahane, 44 Haw. 93, 96, 352 P.2d 856, 859 (1960); accord Final Judgment, Black's Law Dictionary (10th ed. 2014) (defining "final judgment" as "[a] court's last action that settles the rights of the parties and disposes of all issues in controversy").

We have discussed the concept of a judgment "for" a party, as a requirement for fee-shifting, in Nelson v. University of Hawaiʻi, 99 Hawaiʻi 262, 54 P.3d 433 (2002).  In

11

Nelson, the petitioner sought appellate attorney's fees pursuant to HRS § 378-5(c) (1993),[7] after this court vacated a circuit court judgment favoring the defendant university and remanded the case for a new trial. Id. at 264, 54 P.3d at 435. HRS § 378-5(c) directs an award of attorney's fees for "any judgment awarded" to an employment discrimination plaintiff. HRS § 378-5(c). After looking to HRS § 378-5 as a whole, the Nelson court held that "the phrase 'judgment awarded to the plaintiff' refers generally to favorable relief or damages that follow as a result of a finding that the defendant engaged in discriminatory practice." Nelson, 99 Hawai'i at 266, 54 P.3d at 437. Consequently, this court denied the request for attorney's fees because the judgment on appeal "merely vacate[d] a trial court judgment unfavorable to the plaintiff and place[d] the plaintiff back where [she] started." Id.

HRS § 662-12 is substantially similar to HRS § 378-5(c), the fee-shifting statute at issue in Nelson. Read as a whole, HRS § 662-12 provides that an award of attorney's fees may be paid out of (1) "a judgment for the plaintiff," or (2) an

_____

[7]     HRS § 378-5(c) provides as follows:

>       In any action brought under this part, the court, in addition to any judgment awarded to the plaintiff or plaintiffs, shall allow costs of action, including costs of fees of any nature and reasonable attorney's fees, to be paid by the defendant.

"award" or "settlement" pursuant to alternative resolution of the case under HRS § 662-11 (2016).[8] All of these dispositions of a case involve the payment of damages to the plaintiff pursuant to a determination (or admission) that the State is liable in tort. The language of HRS § 662-12 thus indicates that "a judgment for the plaintiff" must, at minimum, order payment of damages or other favorable relief in favor of the plaintiff. See Nelson, 99 Hawai'i at 266, 54 P.3d at 437.

In this case, the judgment on appeal will vacate the circuit court's judgment and remand the case for further proceedings. We stated in our opinion that the circuit court "misapprehended the relevant standard for evaluating legal causation" and clarified the correct test. O'Grady, 2017 WL 2464970, at *1. Accordingly, we instructed the circuit court to determine, on remand, "whether the State's breach of its duty was the legal cause . . . of the O'Gradys' injuries" by applying the analytical standard set forth in our opinion. Id. at *13. It follows that we did not ourselves determine the question of

---

[8] HRS § 662-11 provides:

(a) The attorney general may arbitrate, compromise, or settle any claim cognizable under this chapter.
(b) Claims arbitrated, compromised, or settled by the attorney general for $10,000 or less shall be paid from the state risk management revolving fund. Claims arbitrated, compromised, or settled by the attorney general for more than $10,000 shall be paid only after funds are appropriated by the legislature for the payment of those claims.

legal causation.  Neither did we resolve whether the O'Gradys had established their negligence claim against the State nor order the State to pay damages to the O'Gradys.  Like the plaintiff in Nelson, our judgment in this case merely returns the O'Gradys to a prior position in the proceedings, and the judgment therefore "does not, in itself, provide any grounds for an award of fees" to the O'Gradys.  Nelson, 99 Hawai'i at 266, 54 P.3d at 437.  Thus, we hold that the O'Gradys' request for attorney's fees under HRS § 662-12 is premature because there has been no judgment for the O'Gradys in this case.[9]  See id.

### C.  Appellate costs pursuant to HRAP Rule 39

The O'Gradys argue that they are entitled to costs pursuant to HRAP Rule 39.  The O'Gradys maintain that, when a judgment is vacated, HRAP Rule 39(a) enables courts to tax costs at their discretion, that HRAP Rule 39(d) enables courts to tax costs against the State "if an award of costs is authorized by

---

[9]     Because, at the outset, we conclude that the request for attorney's fees is premature, it is not necessary to consider arguments regarding the quantum or reasonableness of fees to which the O'Gradys contend they are entitled.  Similarly, we do not need to resolve Respondents' argument pertaining to the applicability of this court's opinion in DFS Group L.P. v. Paiea Properties, which held "that the twenty-five per cent limit [in HRS § 607-14] does not apply in cases that involve 'only an adjudication of rights in which no monetary liability is in issue.'"  110 Hawai'i 217, 221, 131 P.3d 500, 504 (2006) (quoting Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 621, 575 P.2d 869, 880 (1978)).  Finally, the O'Gradys assert that, since the ultimate damage award is unknown at this stage, any attorney's fees immediately awarded would be an offset from the fees ultimately awarded.  The O'Gradys do not provide any authority to support this contention, and we do not address it in light of our disposition.

14

law," and that HRAP Rule 39(c) provides a definition for "appellate costs."

Respondents, on the other hand, assert that HRAP Rule 39(b), which governs "Costs for and against the State of Hawaiʻi," applies in this case rather than HRAP Rule 39(a). Therefore, Respondents argue that "there must be some other law authorizing costs against the State under the circumstances." Respondents then note that the O'Gradys "do not cite to any specific law that expressly authorizes the award of costs against the State." In the alternative, if the court holds that HRAP Rule 39(a) applies, Respondents request this court to decline to award appellate costs because "[i]n this case [Respondents] neither participated in inappropriate conduct below nor filed a frivolous appeal."

The construction of a court rule is subject to de novo review. In re Ishida-Waiakamilo Legacy Tr., No. SCWC-13-0000449, 2017 WL 2590870, at *4 (Haw. June 15, 2017). HRAP Rule 39(b) provides:

> **(b) Costs for and against the State of Hawaiʻi.** In cases involving the State of Hawaiʻi or an agency or officer thereof, if an award of costs against the State is authorized by law, costs shall be awarded in accordance with the provisions of this Rule; otherwise costs shall not be awarded for or against the State of Hawaiʻi, its agencies, or its officers acting in their official capacities.

HRAP Rule 39(b) (2016). Therefore, as to costs, the first issue is whether the O'Gradys have identified a law that authorizes an

15

award of costs against the State of Hawaiʻi. If so, HRAP Rule 39(b) directs that the provisions of HRAP Rule 39 apply as they ordinarily would. See Oahu Publ'ns, Inc. v. Abercrombie, 134 Hawaiʻi 16, 24 n.5, 332 P.3d 159, 167 n.5 (2014) (holding that HRAP Rule 39(a) would apply where requesting party cited statute authorizing recovery of "reasonable attorney's fees and all other expenses").

The O'Gradys seek costs pursuant to HRS § 662-9, which states that, "[i]n an action under [the State Tort Liability Act], court costs and fees as set by law may be allowed to the prevailing party." HRS § 662-9 (2016). Respondents challenge the source of authority that the O'Gradys identified, arguing that HRS § 662-9 does not itself permit an award of costs against the State but merely implies that "there must be some other law" authorizing the award of such costs. Respondents argue that, since the O'Gradys do not cite any such law, costs should not be awarded.

Under HRAP Rule 39(b), costs must be "authorized by law." HRAP Rule 39(b) reiterates the general rule that costs cannot be awarded against the State of Hawaiʻi unless there is a "clear relinquishment" of the State's sovereign immunity. See Nelson v. Hawaiian Homes Comm'n, 130 Hawaiʻi 162, 168, 307 P.3d 142, 148 (2013) ("[A]n award of costs and fees to a prevailing party is inherently in the nature of a damage award.

16

Accordingly, to properly award . . . costs against [the State] . . ., there must be 'a clear relinquishment' of the State's immunity in this case." (first and third alterations in original) (footnote omitted) (citation omitted)).  Thus, there must be a law that clearly relinquishes the State's sovereign immunity from court costs and authorizes an award of such costs. HRAP Rule 39(b); Nelson, 130 Hawai'i at 168, 307 P.3d at 148.

This court has previously established "that the State has waived immunity to suit . . . to the extent as specified in HRS chapter[] . . . 662."  Nelson, 130 Hawai'i at 169, 307 P.3d at 149 (footnote omitted) (quoting Taylor-Rice v. State, 105 Hawai'i 104, 110, 94 P.3d 659, 665 (2004)).  The plain language of HRS § 662-9 specifically grants a court discretion to award "court costs . . . as set by law . . . to the prevailing party." Thus, HRS § 662-9 clearly relinquishes the State's immunity from court costs awardable to prevailing parties in suits brought under the State Tort Liability Act.  Id.  As such, HRS § 662-9 "authorize[s] by law" the award of court costs under HRAP Rule 39(b).

Respondents misapprehend the plain language of HRS § 662-9 in arguing that HRS § 662-9, by itself, is not sufficient to "authorize by law" the award of costs under HRAP Rule 39(b). Contrary to Respondents' position, the phrase "as set by law" in

17

HRS § 662-9 is not fundamentally equivalent to the phrase "as authorized by law" in HRAP Rule 39(b).

As relevant to this case, the ordinary signification of the word "authorize" is "[t]o give legal authority" or "to empower." Authorize, Black's Law Dictionary (10th ed. 2014); see State v. Guyton, 135 Hawai'i 372, 378, 351 P.3d 1138, 1144 (2015) ("In conducting a plain meaning analysis, 'this court may resort to legal or other well accepted dictionaries as one way to determine the ordinary meaning of certain terms not statutorily defined.'" (quoting State v. Pali, 129 Hawai'i 363, 370, 300 P.3d 1022, 1029 (2013))). In contrast, to "set" means "to fix or decide on as a time, limit, or regulation"; "to fix at a certain amount";[10] to "[p]ut or bring into a specified state"; or to "[f]ix (a price, value, or limit) on something."[11]

Thus, while HRAP Rule 39(b) requires some law that gives legal authority or empowers an appellate court to award costs to a plaintiff who prevails in a suit brought under the State Tort Liability Act, HRS § 662-9 provides that the quantum of costs that may be awarded under the statute must be regulated and fixed by law and may not exceed the limits to the amount

---

[10] Set, Merriam-Webster, https://www.merriam-webster.com/dictionary/set (last visited Aug. 17, 2017).

[11] Set, English Oxford Living Dictionaries, https://en.oxforddictionaries.com/definition/set (last visited Aug. 17, 2017).

18

that the applicable law prescribes.  Therefore, HRS § 662-9 fulfills the requirement in HRAP Rule 39(b) that "an award of costs against the State is authorized by law," but the manner in which costs is computed and awarded is informed and regulated by other applicable law.  HRS § 662-9; HRAP Rule 39(b).

Further, reading HRS § 662-9 in pari materia with HRAP Rule 39(b), the provisions of Rule 39 "set[s] by law"--i.e., regulates and limits--the amount of costs that can be awarded to a prevailing plaintiff in a suit brought under the State Tort Liability Act.  HRS § 662-9; HRAP Rule 39(b).  HRAP Rule 39(b) states that "if an award of costs against the State is authorized by law, costs shall be awarded in accordance with the provisions of this Rule."  Because HRS § 662-9 "authorize[s] by law" the award of costs in this case, the provisions of HRAP Rule 39 control the amount of awardable costs and the evidentiary burden that must be satisfied in order to be entitled to such costs.  HRAP Rule 39(b).  This is consistent with our conclusion that the phrase "as set by law" in HRS § 662-9 means that the computation and amount that may be awarded as costs against the State must be limited by other governing law, which, in this case, are the relevant provisions of HRAP Rule 39.

This interpretation is further supported by the decision in Educators Ventures, Inc. v. Bundy, 3 Haw. App. 435,

19

652 P.2d 637 (1982). Pursuant to HRS § 467-16 (1976), the circuit court in that case ordered the payment of $10,000 from the real estate recovery fund to each of the plaintiffs for damages, court costs and fees, and attorney's fees. Id. at 436—37, 652 P.2d at 638. HRS § 467-16 provided that persons aggrieved by the acts of a licensed real estate broker or salesman

> may recover by order of the circuit court or district court
> of the county where the violation occurred, an amount of
> not more than $10,000 for damages sustained by the fraud,
> misrepresentation, or deceit, including court costs and
> fees as set by law, and reasonable attorney fees as
> determined by the court.

HRS § 467-16 (emphasis added). The ICA affirmed the circuit court's award and held that the 10,000-dollar limit in HRS § 467-16 applied not only to damages and court costs and fees, it applied equally to attorney's fees. Educators Ventures, Inc., 3 Haw. App. at 437, 652 P.2d at 638. Although the phrase "set by law" appears in HRS § 467-16, the ICA affirmed the circuit court's award and did not look to other statutes or legal authority that would independently permit the circuit court's award to the plaintiffs. See id. at 437—41, 652 P.2d at 638—40. Implicit in the ICA's opinion is that HRS § 467-16 sufficed to empower the circuit court to render an award that included "court costs and fees as set by law." See id. This is consistent with our determination in this case that HRS § 662-9 provides authority to this court to award costs and that the

20

phrase "as set by law" does not mean that another statute or legal source must independently allow for the award of costs against the State.  We therefore conclude that HRS § 662-9 "authorize[s] by law" the award of costs against Respondents in this case, and the amount of awardable costs and the manner in which such costs can be awarded are "set by law" by the provisions of HRAP Rule 39.

In light of the foregoing, we proceed to the determination of whether the O'Gradys are entitled to costs pursuant to HRAP Rule 39(b) and HRS § 662-9.  Under HRS § 662-9, "costs . . . may be allowed to the prevailing party."  HRS § 662-9's requirement is mirrored by the intent underlying HRAP Rule 39: "to allow the party prevailing on appeal to recover those costs reasonably incurred in prosecuting the appeal."  Jou v. Argonaut Ins. Co., 133 Hawai'i 471, 477, 331 P.3d 449, 455 (2014) (quoting Leslie v. Estate of Tavares, 93 Hawai'i 1, 7, 994 P.2d 1047, 1053 (2000)).  Thus, the O'Gradys may be awarded costs only if they are the prevailing party in their appeal to this court.  Nelson, 130 Hawai'i at 165, 307 P.3d at 145 ("The first step in analyzing whether Plaintiffs are entitled to attorneys' fees (and costs) is to determine whether they are the 'prevailing party.'").  The O'Gradys argue that they prevailed on the main disputed issue in the appeal--"whether the circuit

21

court erred in deciding that the State was not the cause of the O'Grady's [sic] injuries"--because this court vacated the circuit court's judgment in favor of the State on the issue of causation. Hence, the O'Gradys assert that they were the "prevailing party" in the appeal and are entitled to costs under HRS § 662-9.

"The 'prevailing party' is the one who "prevails on the disputed main issue." Nelson, 130 Hawai'i at 165, 307 P.3d at 145 (quoting Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978)). In determining which party prevailed on the disputed main issue on appeal, a court can compare the relief sought with the relief awarded. Jou, 133 Hawai'i at 477, 331 P.3d at 455. But "[e]ven if the party does not prevail 'to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs.'" Nelson, 130 Hawai'i at 165, 307 P.3d at 145 (quoting Food Pantry, Ltd., 58 Haw. at 620, 575 P.2d at 879).

The disputed main issues on appeal were (1) whether "the circuit court erred in holding that the State's breach of its duty of care was not a legal cause of the [O'Gradys'] injuries" and (2) whether the discretionary function exception applied in this case. O'Grady v. State, No. SCAP-14-0001363,

2017 WL 2464970, at *1 (Haw. June 7, 2017). This court held that the circuit court "misapprehended the relevant standard for evaluating legal causation," id., by requiring the O'Gradys to prove factual and legal matters that are not relevant to determining the existence of legal causation, id. at *9—13. Additionally, we held that "the State ha[d] not established that it [was] relieved from liability under the discretionary function exception with regard to the duty recognized by the circuit court." Id. at *17. Thus, we vacated the second amended judgment and remanded the case to the circuit court for further proceedings consistent with the opinion. Id. at *18.

In light of the issues raised on appeal, our conclusions with respect to each of them, and our disposition in this case, the O'Gradys were the "prevailing part[ies]."[12] See Nelson, 130 Hawai'i at 166, 307 P.3d at 146 (concluding that the plaintiffs were the prevailing parties because this court held that "the political question doctrine did not bar determination" of certain substantive issues underlying the case, affirming on

---

[12] The relief that the O'Gradys requested was for this court to "reverse the circuit court's judgment in favor of the State, and render judgment in the O'Gradys' favor." This court, on the other hand, vacated the judgment and remanded the case for further proceedings. The fact that the relief requested and the relief awarded are not the same does not change the conclusion that the O'Gradys were the prevailing parties on appeal: the vacatur of the circuit court's judgment, although short of what the O'Gradys requested, is still favorable for the O'Gradys. Nelson, 130 Hawai'i at 165, 307 P.3d at 145.

23

narrower grounds the ICA's vacatur of the circuit court's decision predicated on the political question doctrine).

Having concluded that HRS § 662-9 authorizes the award of costs against the State in this case and that the O'Gradys are the prevailing parties under HRS § 662-9, we now determine the amount of costs that can be awarded "in accordance with the provisions of . . . Rule [39]." HRAP Rule 39(b). Because this court vacated the circuit court's judgment and remanded the case for further proceedings, the amount that may be awarded to the O'Gradys is set by law in HRAP Rule 39(a): "if a judgment . . . is vacated, . . . the costs shall be allowed only as ordered by the appellate court." In situations where the circuit court's judgment is vacated, "courts have routinely ordered an award of appellate costs to the party that prevailed on the main disputed issue on appeal." Jou, 133 Hawai'i at 479, 331 P.3d at 457.

Costs, for the purposes of Rule 39, include "the cost of the original and one copy of the reporter's transcripts if necessary for the determination of the appeal; . . . the fee for filing the appeal; [and] the cost of printing or otherwise producing necessary copies of briefs and appendices, provided that copying costs shall not exceed 20¢ per page." HRAP Rule 39(c). In substantiating a request for costs, "where appropriate, copies of invoices, bills, vouchers, and receipts" shall be attached as support. HRAP Rule 39(d)(1).

24

Insofar as Respondents do not make "a specific objection" to the O'Gradys' itemized cost request--and the State in fact asks this court to award the full amount of requested costs if we find that the O'Gradys are entitled to costs--we grant in full the costs that the O'Gradys request in the amount of $4,815.17.[13]  Wong v. Takeuchi, 88 Hawai'i 46, 53, 961 P.2d 611, 618 (1998) ("Unless there is a specific objection to an expense item, the court ordinarily should approve the item." (quoting Lewis, Wilson, Lewis & Jones, Ltd. v. First Nat'l Bank of Tuscumbia, 435 So.2d 20, 23 (Ala. 1983))); accord Haw. Ventures, LLC v. Otaka, Inc., 116 Hawai'i 465, 480, 173 P.3d 1122, 1137 (2007).

### III.    CONCLUSION

In a suit brought under the State Tort Liability Act, the authority of the court to award attorney's fees to a prevailing plaintiff under HRS § 662-9 is defined and bounded by the provisions of HRS § 662-12.  The O'Gradys' request for attorney's fees is premature under HRS §§ 662-9 and 662-12

---

[13]    The costs that the O'Gradys seek consist of (1) $4,416.36 for thirteen transcripts, all of which were "necessary for the determination of the appeal" as they contain relevant testimony from witnesses at the trial pertinent to this court's holding on the merits of this case, see HRAP Rule 39(c), and supported by invoices for the transcripts and the corresponding checks that their counsel paid, see HRAP Rule 39(d)(1); (2) filing fees in the amount of $315.00, which are allowed under HRAP Rule 39(c)(3); and (3) photocopying costs in the amount of $86.81, which is allowed and complies with the 20 cents per page limitation under HRAP Rule 39(c)(4).

because there has been no "judgment for" them within the meaning of that phrase in HRS § 662-12. As to costs, we conclude that HRS § 662-9 authorizes by law the award of fees to a prevailing plaintiff but that the awardable amount, the manner in which the amount may be requested and the award made, and the documentation necessary to support the request are governed by the relevant provisions of HRAP Rule 39. We award the O'Gradys costs in the amount of $4,815.17 pursuant to HRS § 662-9 and HRAP Rule 39 because the O'Gradys were the "prevailing party on appeal," and the State did not lodge specific objections to any of the expense items included in the O'Gradys' request for costs.

Ronald G. Self and
Rebecca A. Copeland
for petitioners

Douglas S. Chin,
Caron M. Inagaki, and
Robin M. Kishi
for respondents State of
Hawai'i and State of Hawai'i
Department of Transportation

/s/ Mark E. Recktenwald

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

/s/ Jeffrey P. Crabtree

